**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Charles M. SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted April 18, 2005.

Filed Aug. 12, 2005.

William K. Hill, Bloomsburg, for appellant.

Robert W. Ruehner, Asst. Dist. Atty., Danville, for Com., appellee.

BEFORE: FORD ELLIOTT, KLEIN and KELLY, JJ.

OPINION BY KLEIN, J.:

¶ 1 Charles M. Smith appeals from the judgment of sentence entered in the Court of Common Pleas of Montour County. Because we find that the court below erred in grading the offense of forgery, 18 Pa. C.S.A. § 4101(a)(3), as a felony of the third degree rather than a misdemeanor of the first degree, we vacate and remand for resentencing.

¶ 2 Here Smith obtained an employment position by submitting a forged graduate school degree and a forged professional license. An offense is a felony of the third degree if the forged document *directly* creates or affects a legal relationship. Since the forged documents only *indirectly* resulted in Smith obtaining the position, they do not fit within the definition of the statute. One only forges documents to obtain money or some other legal benefit. The misdemeanor charge would have no effect if every document that gave the forger a benefit was considered to "affect" a legal relationship and therefore be a felony.

¶ 3 Smith applied for the position of Clinical Director for the Danville Center for Adolescent Females (DCAF). The application process required that he produce certain documentation, including a certificate of graduation and a criminal background check. The documents Smith submitted indicated that he held a Masters of Science degree from St. John's College and that he was a licensed psychologist.

¶ 4 Smith was hired by DCAF in October, 2002. The Human Resources Department ultimately determined that Smith's criminal background check and certificate of graduation were forged. Although the position of clinical director did not require a master's degree or license in psychology, it did require a bachelor's degree. (N.T. 3/30/04, at 22.) While investigating Smith's background, the Human Resources Department was unable to confirm

even a bachelor's degree. Smith was terminated on May 27, 2003. (*Id.* at 26).

¶ 5 Smith pled guilty to one count of forgery and was sentenced to 12 to 24 months' imprisonment and a fine of $1,000. Because this was the second time Smith had obtained employment by use of fraudulent employment records and because he was working within a system involving children, the court sentenced him in the aggravated range of the Sentencing Guidelines.

¶ 6 On appeal Smith raises the following issues: (1) did the court err in grading the forgery as a felony 3 rather than a misdemeanor 1; and (2) did the court abuse its discretion in imposing a sentencing in the aggravated range of the Sentencing Guidelines.[1]

¶ 7 Section 4101 of the Crimes Code provides that a person is guilty of forgery if, with the intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor: (1) alters a writing of another without his authority; (2) makes or executes or transfer any writing so that it purport to be the act of another who did not authorize that act; or (3) utters any writing which he knows to be forged in a manner specified in (1) or (2). 18 Pa.C.S.A. § 4101(a). The statute grades the offense as follows:

> (c) Grading.—Forgery is a felony of the second degree if the writing is or purports to be part of an issue of money,

securities, postage or revenue stamps, or other instruments issued by the government, or part of an issue of stock, bonds or other instruments representing interests in or claims against any property or enterprise. *Forgery is a felony of the third degree if the writing is or purports to be a will, deed, contract, release, commercial instrument, or other document evidencing, creating, transferring, altering, terminating or otherwise affecting legal relations.* **Otherwise forgery is a misdemeanor of the first degree.**

18 Pa.C.S.A. § 4101(c) (emphasis added). The substantive portion of the forgery statute, which sets forth the elements of the crime, is the same for all grades of forgery. The distinctions in the grading provision of the statute go to the *type* of writing involved. *See Commonwealth v. Muller*, 334 Pa.Super. 228, 482 A.2d 1307, 1311 (1984).

¶ 8 Here, Smith argues that there was no will, deed, contract, release or commercial instrument. That much is clear. He also argues that the forgery of the documents he submitted did not "evidence, create, transfer, alter, terminate or otherwise affect legal relations." *Id.* In an attempt to distinguish the few cases on this issue, Smith argues that the documents in question did not create a contract or alter a contract between the defendant and another party. *See, e.g., Commonwealth v. Sargent*, 823 A.2d 174 (Pa.Super.2003) (forging signature on receipt from use of stolen

---

1. Because we vacate the judgment based on our disposition of Smith's first issue, we need not address his second issue in which he argues the court erred in relying on his prior record to support a sentence in the aggravated range of the guidelines. We do note, however, that a prior offense is taken into account in the prior record score of the Sentencing Guidelines. *See Commonwealth v. Bristow*, 372 Pa.Super. 48, 538 A.2d 1343 (1988) (sentencing court cannot consider defendant's pri-

or convictions as aggravating circumstance since that factor has already been included in computation of defendant's prior record score under the sentencing guidelines). *Cf. Commonwealth v. Stevens*, 349 Pa.Super. 310, 503 A.2d 14, 16 (1986) (where "the court below relied solely on appellant's prior record to impose a sentence outside of the sentencing guidelines for retail theft, that sentence must be vacated."). We note as well that the Commonwealth has not filed a brief.

credit cards; signing credit card receipts set forth the contract to pay for merchandise purchased and altered relationship between victim and credit card companies); *Commonwealth v. Sneddon,* 738 A.2d 1026 (Pa.Super.1999) (defendant altered cash register receipts to obtain cash refund in excess of value of merchandise purchased; cash register receipt is writing that evidences contract for sale of goods, which is a legal transaction); *Commonwealth v. Lenhoff,* 796 A.2d 338 (Pa.Super.2002) (forged gun application submitted to Commonwealth of Pennsylvania; application was document by which defendant attempted to obtain that legal right). We agree that these cases are distinguishable.

■■■ ¶ 9 The statute is broadly written. Where an ambiguity exists in the language in a penal statute, it should be interpreted in a light most favorable to the criminally accused. *Commonwealth v. Shamberger,* 788 A.2d 408 (Pa.Super.2001). In interpreting a penal provision, we are required to strictly construe that language. *See* 1 Pa.C.S.A. § 1928; *Commonwealth v. Gaddis,* 432 Pa.Super. 523, 639 A.2d 462 (1994). "Penal provisions" include "all statutes and embodiments of the common law [or parts thereof] which establish, create or define crimes or offenses including any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty." *See* Pa. R.Crim.P. 3(n); *see also In re Investigating Grand Jury,* 496 Pa. 452, 437 A.2d 1128 (1981); *Commonwealth v. Cluck,* 252 Pa.Super. 228, 381 A.2d 472 (1977). Further, a court is permitted to consider the practical consequences of a particular interpretation, *Commonwealth v. Berryman,* 437 Pa.Super. 258, 649 A.2d 961 (1994), and we are to presume that the legislature did not intend a result that is absurd or unreasonable. 1 Pa.C.S.A. § 1922; *Commonwealth v. Fouse,* 417 Pa.Super. 534,

612 A.2d 1067 (1992). Additionally, the language "or other document" is preceded by the listing of specific legal documents. Statutes do not exist sentence by sentence. Their sections and sentences comprise a composite of their stated purpose. *Commonwealth v. Lurie,* 524 Pa. 56, 60, 569 A.2d 329, 331 (1990); *Berryman, supra.* An interpretation of the language in a section of a statute must remain consistent throughout the statute. *See id.*

¶ 10 We point out that if we were to conclude the forging of these documents is a felony of the third degree, we would question what documents the legislature intended to make up a misdemeanor of the first degree. In the face of this uncertainty, and with the rules of statutory construction in mind, we conclude that the documents forged here are not of the type the General Assembly intended to comprise a felony of the third degree. The master's degree certificate and the criminal history are not legal documents, they are not writings evidencing a legal transaction, *Sneddon, supra,* and they do not create or affect legal relations. Although an employer/employee relationship generates various rights and obligations on the part of each party, the forged degree and criminal history are tangential to that relationship. Clearly the forging of those documents resulted in Smith's hiring and his termination; that fact, however, does not mean the documents are legal documents or documents affecting legal relations.

■ ¶ 11 The reason for imposing a higher penalty for legal writings or documents evidencing a legal relationship, such as a contract, will, deed, or stock certificate, is directly related to the rights, monetary and otherwise, that are created by those writings, the need to protect those rights, and the value and symbolism our society imposes upon those documents. The documents in this case did not create

a legal relationship or obligate either party to perform pursuant to that relationship. We conclude, therefore, that the court erred in grading the offense as felony of the third degree instead of a misdemeanor of the first degree. We vacate the judgment of sentence and remand for resentencing in accordance with this decision.

¶ 12 Vacated and remanded for resentencing. Jurisdiction relinquished.