COMMONWEALTH of Pennsylvania, Appellee,

v.

Joshua Russell RYAN, Appellant.

Superior Court of Pennsylvania.

Argued May 2, 2006.

Filed Oct. 12, 2006.

David F. Pollock, Waynesburg, for appellant.

Marjorie J. Fox, Asst. Dist. Atty., Waynesburg, for Com., appellee.

BEFORE: MUSMANNO, TODD, and JOHNSON, JJ.

## OPINION BY TODD, J.:

¶1 Joshua Ryan appeals the July 19, 2005 judgment of sentence imposed by the Greene County Court of Common Pleas after he was convicted by a jury of forgery.[1] For the reasons that follow, we vacate the judgment of sentence and remand for resentencing.

¶2 The trial court summarized the underlying facts of this case as follows:

> The present case arose as a result of [Ryan] entering into a repair contract with the Econo Lodge Motel. Upon completion of the work, the motel owner requested a certification of the work by the township zoning officer before he would make final payment to [Ryan]. Apparently unknown by both the motel owner and [Ryan], such a certification of completion was not required by the township. However, in order to obtain final payment, [Ryan] presented the motel owner with a forged document containing the signature of the township zoning enforcement officer and as a result, received final payment for the work completed. Although the motel owner [did] not complain of receiving a forged document, the zoning enforcement officer, Steven Coss, did complain.

(Trial Court Opinion, 11/2/05, at 2.)

¶3 On July 30, 2004, a state police trooper filed a criminal complaint against Ryan, charging him with two counts of forgery,[2] each graded as a third-degree

---

1. 18 Pa.C.S.A. § 4101(a)(3).

2. In addition to the charge of forgery under Section 4101(a)(3) of the Crimes Code, which concerns the uttering or passing of a writing known to be forged, Ryan was charged with forgery under Section 4101(a)(1) of the Code, involving the alteration of a document.

felony, and one count each of deceptive or fraudulent business practices[3] and theft by deception.[4] On September 23, 2004, the Commonwealth filed criminal informations grading both forgery counts as second-degree felonies. The case proceeded to a jury trial on May 19, 2005, where, upon completion of the Commonwealth's case, the charges of deceptive or fraudulent business practices and theft by deception were dismissed. At the same time, Ryan moved for a directed verdict on the forgery charges, which was denied. At the conclusion of the trial, Ryan was found guilty of the forgery charge involving an utterance of a writing known to be forged, but found not guilty of the other forgery charge. Ryan was sentenced on July 19, 2005 to 3 to 23½ months imprisonment. He timely filed post-sentence motions, which were denied, and this appeal followed, wherein he raises three issues for our review:

A. Did the trial court err in finding, as a matter of law and without submitting it to the jury, that the Appellant's guilty verdict was to a felony of the second degree?

B. Did the trial court err in not granting a new preliminary hearing after the Commonwealth raised the offense gravity from a felony of the third degree to a felony of the second degree?

C. Did the trial court err in not granting a directed verdict as to the two forgery counts since the Commonwealth drafted the informations list-

ing the Econo Lodge as the victim instead of Franklin Township?

(Appellant's Brief at 3.)

¶ 4 In his first argument, Ryan questions whether the trial court erred in failing to submit the grading of the forgery offense to the jury. We find this issue to be waived, however, as Ryan failed to develop any argument in support of his position on this issue. Indeed, as the Commonwealth points out, he makes no mention of this issue, much less cites any authority in support of his position, in the argument section of his brief. Accordingly, the issue is waived. *See Commonwealth v. Mitchell*, 883 A.2d 1096, 1108 (Pa.Super.2005) (finding issue waived where appellant fails to adequately develop his argument), *appeal denied*, 587 Pa. 688, 897 A.2d 454 (2006).

¶ 5 Instead of addressing the specific issue he raises in his first statement of questions involved, Ryan argues in the corresponding argument section of his brief that the trial court erred in determining that the forgery offense of which he was found guilty was a second-degree felony. Although we could find this argument waived because Ryan did not specifically include it in his statement of questions involved, *see* Pa.R.A.P. 2116, we decline to do so as the issue arguably is suggested by his first question. Accordingly, we will address the issue.

¶ 6 Pursuant to 18 Pa.C.S.A. § 4101(c), forgery is graded as follows:[5]

(c) **Grading.**—Forgery is a felony of the second degree if the writing is or purports to be part of an issue of money, securities, postage or revenue stamps, or

---

**3.** 18 Pa.C.S.A. § 4107.

**4.** 18 Pa.C.S.A. § 3922.

**5.** The elements of the crime of forgery are the same for all grades of forgery. *Common-*

*wealth v. Smith*, 883 A.2d 612, 614 (Pa.Super.2005). The distinctions in the grading provision of the statute go to the type of writing involved. *Id.*

other instruments issued by the government, or part of an issue of stock, bonds or other instruments representing interests in or claims against any property or enterprise. Forgery is a felony of the third degree if the writing is or purports to be a will, deed, contract, release, commercial instrument, or other document evidencing, creating, transferring, altering, terminating or otherwise affecting legal relations. Otherwise forgery is a misdemeanor of the first degree.

18 Pa.C.S.A. § 4101(c). In this case, the trial court concluded that the forged building permit at issue, while obviously not an issue of money or a security, fell within the category of "other instruments issued by the government" and, as such, should be graded as a second-degree felony under Section 4101(c). Ryan argues that the building permit is not the type of document listed as constituting as a second-degree felony under the statute, and contends that "the nature of the document, that being one that affects legal relations, is, at it's [sic] most severe grading, a Felony III, but more likely a misdemeanor." (Appellant's Brief at 7.) While we do not find the forgery of a building permit to be a misdemeanor, for the following reasons, we conclude that it is a felony of the third, not the second, degree.

■ ¶ 7 As this Court recently recognized, the grading provision of the forgery statute is broadly written. *Commonwealth v. Smith*, 883 A.2d 612, 615 (Pa.Super.2005). According to the rules of statutory construction, where an ambiguity exists in the language of a penal statute, it should be interpreted in a light most favorable to the criminally accused. *Id.*

We must also strictly construe the language of the statute. *Id.*

■ ¶ 8 With these rules in mind, we conclude that a forged building permit is not the type of document the legislature intended to comprise a felony of the second degree. Although the permit purports to be issued by Franklin Township in Greene County, a government agency, it is different in kind and class from the documents enumerated in Section 4101(c) as qualifying for a felony two designation. Unlike money, securities, postage, revenue stamps, stocks, and bonds, a permit has no intrinsic value. Rather, it is a license to do something, in this case, build or alter a structure. Further, under the statutory construction doctrine of *ejusdem generis*,[6] the reference in the statute to "other instruments issued by the government" must be limited to instruments of the same general nature or class as those preceding the phrase—that is, instruments with intrinsic value. Again, a permit has no intrinsic value.

¶ 9 Moreover, this conclusion is supported by the commentary to Section 224.1 of the Model Penal Code, on which Section 4101 is based and to which Section 4101(c), in particular, is identical. *See* 18 Pa.C.S.A § 4101, Historical and Statutory Notes; Model Penal Code § 224.1. The commentary states that the second-degree felony grading was intended to apply to "documents which require special expertise to execute, which can readily be the means of perpetrating widespread fraud, and the forgery of which can undermine confidence in widely circulating instruments repre-

---

6. Under the "doctrine [of] *ejusdem generis* ('of the same kind or class'), where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as

those enumerated." *Independent Oil and Gas Ass'n of Pennsylvania v. Board of Assessment Appeals of Fayette County*, 572 Pa. 240, 246, 814 A.2d 180, 184 (Pa.2002) (internal quotation marks omitted).

senting wealth." Model Penal Code § 224.1, Explanatory Note. The forged building permit in this case does not match this description. For all these reasons, we find that the trial court erred in concluding that a building permit fell within the felony two class of writings, and thus erred in grading Ryan's forgery offense as a second-degree felony.

■ ¶ 10 We do not agree with Ryan, however, that the forgery of a building permit is a misdemeanor rather than a third-degree felony. As noted above, Section 4101(c) provides that forgery is a felony three offense if it involves a document—such as a will, deed, contract, release, or commercial instrument—"evidencing, creating, transferring, altering, terminating or otherwise affecting legal relations." 18 Pa.C.S.A. § 4101(c). Although our research has disclosed no cases directly on point, we find several of this Court's decisions nonetheless instructive.[7]

¶ 11 In *Commonwealth v. Sneddon*, 738 A.2d 1026 (Pa.Super.1999), this Court concluded that the forgery of cash register receipts constituted a third-degree felony, relying on the following reasoning of the trial court:

[T]he Court is of the opinion that a cash register receipt is a "document evidencing . . . or otherwise affecting legal relations" under § 4101(c) above. Like a written contract or a deed, a cash register receipt is a writing which evidences a legal transaction. Specifically, a cash register receipt evidences a contract for the sale of goods between a buyer and a seller. The amount of the cash register receipt sets forth the consideration given for the goods. The receipt has value, since a buyer, upon returning a receipt to the seller, may receive a refund of monies, a store credit, or goods in kind. To alter a cash register receipt is to alter the legal relationship between a buyer and seller.

*Sneddon*, 738 A.2d at 1028 (quoting trial court opinion).

¶ 12 Relying on *Sneddon*, in *Commonwealth v. Lenhoff*, 796 A.2d 338 (Pa.Super.2002), we concluded that the forgery of a gun application (by the use of a false name) should be graded as at least a third-degree felony. We reasoned:

Appellant in this case was attempting to obtain the legal right to own a gun, and the application was the document by which he attempted to obtain that legal right. Clearly, the gun application was a document that affected his legal relation with this Commonwealth, and Appellant committed at least a third degree felony by forging that application.

*Lenhoff*, 796 A.2d at 341.

¶ 13 Next, in *Commonwealth v. Sargent*, 823 A.2d 174 (Pa.Super.2003), this Court, again relying on *Sneddon*, concluded that the forging of a credit card holder's signature on a credit card receipt should be graded as a felony of the third degree. We explained:

[T]he credit card receipts constituted "document[s] evidencing, creating, transferring, altering, terminating, or otherwise affecting legal relations." Just as the sales receipt in *Sneddon* created a legal relationship between the buyer and seller of goods, so did the credit card receipts in this case. Appel-

---

**7.** We find that *Commonwealth v. Muller*, 334 Pa.Super. 228, 482 A.2d 1307 (1984), provides little guidance in the instant case. Therein, we held that a forgery offense concerning the use of stolen bank checks was properly graded as a felony three because bank checks were statutorily defined as commercial instruments, and thus plainly fell within the felony three definition in Section 4101(c).

lant's signing of the credit card receipts set forth the contract to pay for the merchandise purchased, however, Appellant clearly had no such intent. Moreover, as the learned trial judge specifically reasoned:

> [Appellant] clearly altered the legal relationship between the Victim and his credit card companies by changing the outstanding balances of his credit cards. [Appellant] also created a legal relationship, a contract, between the Victim and the stores involved. A credit card receipt is a signed sales receipt that evidences a contract for the sale of goods between the buyer and seller. When a person signs a credit card slip they are creating a contract, a legal relationship, stating that they will pay the amount indicated on the slip.

*Sargent,* 823 A.2d at 176–177 (quoting trial court opinion).

¶ 14 Finally, in *Smith, supra,* we addressed the forgery, by a job applicant, of a graduate school degree and a criminal history background check.[8] In concluding that the forgery of these documents was properly graded as a misdemeanor, and not a felony three, we noted that they only *indirectly* affected legal relations, reasoning that the felony three designation applies only to documents *directly* affecting legal relations. *Smith,* 883 A.2d at 613. We added that:

> The reason for imposing a higher penalty for legal writings or documents evidencing a legal relationship ... is directly related to the rights, monetary

and otherwise, that are created by those writings, the need to protect those rights, and the value and symbolism our society imposes upon those documents. The documents in this case did not create a legal relationship or obligate either party to perform pursuant to that relationship.

*Id.* at 615–16.

¶ 15 Relying on these cases, we conclude that the forged building permit at issue here is a document "evidencing ... or otherwise affecting legal relations" within the meaning of Section 4101(c). Particularly, as was true with the gun license in *Lenhoff,* the permit creates a legal relationship between the holder of the permit and the township: the township, in exchange for a permit fee, authorizes work to be performed on the permit holder's property.[9] Unlike the graduate school degree and criminal history documents held to constitute misdemeanor writings in *Smith,* a building permit directly creates legal rights—the right to perform the authorized work. Thus, we find that a building permit falls within the felony three class of writings and reject Ryan's argument that his forgery was "more likely" a misdemeanor. Accordingly, we must vacate Ryan's judgment of sentence on this basis and remand for resentencing, with instructions that the forgery offense be graded as a felony of the third-degree.

■ ¶ 16 Ryan next argues that the trial court erred in refusing to hold a preliminary hearing after the Commonwealth changed the grading of the forgery charges from third-to second-degree felonies. Ryan waived this argument, howev-

---

**8.** Although the applicant in *Smith* also forged a professional license, we never explicitly addressed how the forgery of such a license should be graded.

**9.** Although no building permit was required for the work Ryan did in this case—the township engineer, not the zoning officer, was

responsible for inspecting and ultimately, via letter, authorizing any work involving the installation of storm sewers and downspouts—that fact does not change the nature of the document actually forged here, or our analysis.

er, by failing to raise it with the trial court. Although after the grading change Ryan did argue to the trial court that he was entitled to a preliminary hearing even though he had previously waived his right to have one, he did so on the basis that his previous waiver was made under false pretenses, and because he thought the charges were erroneously graded, but not because of any *change* in the grading of the felony charges. Thus, his argument that the grading change entitled him to a hearing was not raised below, and cannot be raised for the first time on appeal. *See Commonwealth v. Lopata,* 754 A.2d 685, 689 (Pa.Super.2000) ("A claim which has not been raised before the trial court cannot be raised for the first time on appeal."); *Commonwealth v. Gordon,* 364 Pa.Super. 521, 534, 528 A.2d 631, 638 (1987) ("A theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief."). Accordingly, we find Ryan's second argument to be waived.

¶ 17 In Ryan's third argument, he asserts that the trial court erred in not granting a directed verdict at the conclusion of the Commonwealth's case as, he alleges, the Commonwealth failed to present any evidence showing that Ryan intended to defraud or injure the Econo Lodge, the only victim listed in the information. Initially, we note that our standard for reviewing a challenge to the denial of a motion for a directed verdict is whether the jury, in considering all the evidence in the light most favorable to the

Commonwealth, could have found the defendant guilty. *Commonwealth v. Burns,* 390 Pa.Super. 426, 431, 568 A.2d 974, 977 (1990).

¶ 18 In order to be found guilty of forgery under Section 4101(a)(3), Ryan must have intended to defraud or injure someone, or acted with the knowledge that he was facilitating such a fraud or injury.[10] Although Ryan claims that there was no evidence indicating that he intended to defraud Econo Lodge, our review of the evidence in the light most favorable to the Commonwealth shows otherwise. As the Commonwealth argues, the evidence indicated that Ryan, in order to secure his final payment, presented the altered permit to Econo Lodge to convince it that the township had inspected and approved his work. A jury could conclude from such evidence that, in forging the permit, Ryan had a fraudulent intent. For these reasons, we find that the trial court properly denied Ryan's motion for a directed verdict.

¶ 19 Based on the foregoing, we find that the trial court erred in grading Ryan's forgery conviction as a felony of the second degree, and therefore vacate his judgment of sentence and remand for resentencing as a felony of the third degree. We otherwise affirm his conviction.

¶ 20 Judgment of sentence **VACATED.** Case **REMANDED.** Jurisdiction **RELINQUISHED.**

---

**10.** Section 4101 provides in pertinent part:
 **§ 4101. Forgery**
  **(a) Offense defined.**—A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

 (3) utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection.
 18 Pa.C.S.A. § 4101(a)(3).