**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Sunceray B. PANTALION, Appellant.**

Superior Court of Pennsylvania.

Submitted April 28, 2008.

Filed Sept. 26, 2008.

---

Patrick F. McCormick, Frackville, for
appellant.

James P. Goodman, Assistant District Attorney, Pottsville, for Commonwealth, appellee.

BEFORE: GANTMAN, ALLEN, and HUDOCK, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Sunceray B. Pantalion, appeals from the judgment of sentence entered in the Schuylkill County Court of Common Pleas, following her guilty plea to one count each of forgery,[1] tampering with record s,[2] theft by unlawful taking,[3] and theft by deception.[4] Appellant asks us to determine whether the trial court erred in grading forgery of a money order as a second-degree felony. We hold Appellant's negotiation of a counterfeit United States Postal Service money order constituted a second-degree felony under the forgery statute. Accordingly, we affirm.

¶ 2 The relevant facts and procedural history of this case are as follows. On September 13, 2005, Appellant signed and redeemed a counterfeit United States Postal Service money order in exchange for seven hundred dollars ($700.00) at Boyer's Food Market in Shenandoah Borough, Schuylkill County. On May 30, 2006, the Commonwealth charged Appellant in an information with forgery graded as a second-degree felony, tampering with records, theft by unlawful taking, and theft by deception. On May 31, 2007, Appellant entered a guilty plea to all charges. On July 10, 2007, the court sentenced Appellant to eleven and one-half (11½) to twenty-three (23) months' imprisonment on the forgery offense plus a concurrent six (6) to twelve (12) months' imprisonment on the theft by unlawful taking offense. The remaining charges merged for sentencing purposes.

¶ 3 On July 12, 2007, Appellant filed a motion to withdraw her guilty plea. At the hearing on July 30, 2007, Appellant testified that she was innocent and had entered her guilty plea out of concern over the cost of taking her case to trial.[5] Appellant also expressed dissatisfaction with the sentence imposed. The court denied Appellant's motion to withdraw her plea on August 2, 2007. Appellant timely filed her notice of appeal on August 9, 2007. That same day, the court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant timely filed her Rule 1925(b) statement on August 30, 2007.

¶ 4 Appellant raises two issues for our review:

WERE THE ACTS ADMITTED BY APPELLANT SUFFICIENT TO PROVE FELONY 2 FORGERY, SINCE A MONEY ORDER IS A COMMERCIAL INSTRUMENT?

DID THE COURT ERR WHEN IT FOUND APPELLANT DID NOT DEMONSTRATE PREJUDICE ON THE ORDER OF MANIFEST INJUSTICE WHEN APPELLANT EXPLAINED THAT SHE DID CASH THE MONEY ORDER BUT WAS NOT GUILTY OF FORGERY?

(Appellant's Brief at 2).[6]

¶ 5 On appeal, Appellant argues her forgery conviction involving a money order

---

1. 18 Pa.C.S.A. § 4101(a)(1).

2. 18 Pa.C.S.A. § 4104(a).

3. 18 Pa.C.S.A. § 3921(a).

4. 18 Pa.C.S.A. § 3922(a)(1).

5. Appellant stated she did not have sufficient funds to pay her privately retained attorney but did not want representation by the public defender's office.

6. Appellant did not include her second issue in her Rule 1925(b) statement. Accordingly, the issue is waived. *See Commonwealth v.*

should have been graded as a third-degree felony, not as a second-degree felony. Appellant insists a money order is akin to a bank check, which has been categorized as a commercial instrument for purposes of grading under the forgery statute in *Commonwealth v. Muller*, 334 Pa.Super. 228, 482 A.2d 1307 (1984). Appellant maintains forgery of a commercial instrument is explicitly graded as a third-degree felony under the statute. Appellant further contends the legislature intended the second-degree felony grading to apply to documents which require special expertise to execute and the forgery of which can readily perpetuate widespread fraud and undermine confidence in widely circulating instruments representing wealth. Appellant suggests the money order she altered does not fall into this category of documents. Appellant avers if any ambiguity exists, the statute should be interpreted in her favor as the criminally accused; and the less severe third-degree felony grade should apply in her case. Appellant asserts the court's acceptance of her guilty plea to an incorrectly-graded offense constitutes a manifest injustice, because she was misinformed about the true nature of the crime and the consequences of her plea. Appellant concludes she is entitled to withdraw her guilty plea or, alternatively, have her case remanded for re-sentencing on the forgery charge.[7] We disagree.

 ¶ 6 When an appellant enters a guilty plea, she waives her right to "challenge on appeal all non-jurisdictional defects except the legality of [her] sentence and the validity of [her] plea." *Commonwealth v. Rush*, 909 A.2d 805, 807 (Pa.Su-

per.2006). A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence. *Commonwealth v. Sanchez*, 848 A.2d 977, 986 (Pa.Super.2004) (citing *Commonwealth v. Passarelli*, 789 A.2d 708, 714 (Pa.Super.2001)); *Commonwealth v. Kisner*, 736 A.2d 672, 673–74 (Pa.Super.1999). "The issue of whether a sentence is illegal is a question of law; therefore, our task is to determine whether the trial court erred as a matter of law and, in doing so, our scope of review is plenary. Additionally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." *Commonwealth v. Williams*, 871 A.2d 254, 262 (Pa.Super.2005) (internal citations omitted). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Commonwealth v. Stevenson*, 850 A.2d 1268, 1271 (Pa.Super.2004) (quoting *Commonwealth v. Kinney*, 777 A.2d 492, 494 (Pa.Super.2001)).

 ¶ 7 Further, a defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa.Super.2002). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id.* Under certain circumstances, a defendant who enters a guilty plea after the court communicates an incorrect maximum sentence may be considered to have

---

*Steadley*, 748 A.2d 707 (Pa.Super.2000) (stating issues not raised in Rule 1925(b) statement are waived). Moreover, Appellant failed to support her second issue with pertinent argument and citation of authority, in violation of Pa.R.A.P. 2119(a). *See Commonwealth*

*v. Clayton*, 572 Pa. 395, 816 A.2d 217 (2002) (recognizing failure to develop argument in support of issue results in waiver).

7. The Commonwealth did not file a brief in this case.

entered her plea unknowingly and involuntarily. *Commonwealth v. Lenhoff,* 796 A.2d 338 (Pa.Super.2002). However, "every mistake in computing the possible maximum or advising the defendant of the possible maximum will [not] amount to manifest injustice justifying the withdrawal of a guilty plea; the mistake must be material to the defendant's decision to plead guilty." *Commonwealth v. Barbosa,* 819 A.2d 81, 83 (Pa.Super.2003).

¶ 8 The crime of forgery is defined and graded as follows:

§ 4101. Forgery

(a) **Offense defined.**—A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

(1) alters any writing of another without his authority;

(2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

(3) utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection.

* * *

(c) **Grading.**—Forgery is a felony of the second-degree if the writing is or purports to be part of an issue of money, securities, postage or revenue stamps, or other instruments issued by the government, or part of an issue of stock, bonds or other instruments representing interests in or claims against any property or enterprise. Forgery is a felony of the third-degree if the writing is or purports to be a will, deed, contract, release, commercial instrument, or other document evidencing, creating, transferring, altering, terminating or otherwise affecting legal relations. Otherwise forgery is a misdemeanor of the first degree.

18 Pa.C.S.A. § 4101.[8]

 ¶ 9 The elements of the crime are the same for all grades of forgery. *Commonwealth v. Smith,* 883 A.2d 612 (Pa.Super.2005). The type of instrument involved determines the grade of a forgery charge. *Id.;* 18 Pa.C.S.A. § 4101(c). If the forged document is not enumerated under the grading provision, we must apply principles of statutory construction to designate an appropriate grading:

When construing a statute, our objective is to ascertain and effectuate the legislative intent. In pursuing that end, we are mindful that when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Indeed, as a general rule, the best indication of legislative intent is the plain language of a statute. Moreover, while statutes generally should be construed liberally, penal statutes are always to be construed strictly, and any ambiguity in a penal statute should be interpreted in favor of the defendant. Additionally, when construing a statute, we must begin with a presumption that the General Assembly intends the entire statute to be effective and certain.

---

**8.** A defendant convicted of a second-degree felony faces a statutory maximum sentence of ten (10) years' imprisonment; the maximum sentence for a third-degree felony is seven (7) years' imprisonment. 18 Pa.C.S.A. § 1103.

*Commonwealth v. Ede*, 949 A.2d 926, 930 (Pa.Super.2008) (quoting General Assembly intends the entire statute to be effective and certain. *Commonwealth v. Tareila*, 895 A.2d 1266, 1269 (Pa.Super.2006)). Moreover, "[u]nder the 'doctrine [of] ejusdem generis (of the same kind or class), where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated.' " *Commonwealth v. Ryan*, 909 A.2d 839, 842 n. 6 (Pa.Super.2006) (quoting *Independent Oil and Gas Ass'n. of Pennsylvania v. Board of Assessment Appeals of Fayette County*, 572 Pa. 240, 246, 814 A.2d 180, 184 (2002)).

¶ 10 Recently, this Court was asked to determine the proper grading for forgery of a building permit purportedly issued by the local government. *Ryan, supra.* The *Ryan* Court observed the types of documents which the legislature intended to comprise second-degree felonies are instruments with "intrinsic value." *Id.* at 842.

> [T]his conclusion is supported by the commentary to Section 224.1 of the Model Penal Code, on which Section 4101 is based and to which Section 4101(c), in particular, is identical. *See* 18 Pa.C.S.A. § 4101, Historical and Statutory Notes; Model Penal Code § 224.1. The commentary states that the second-degree felony grading was intended to apply to "documents which require special expertise to execute, which can readily be the means of perpetrating widespread fraud, and the forgery of which can undermine confidence in widely circulating instruments representing wealth." Model Penal Code § 224.1, Explanatory Note.

*Id.* at 842–43. In contrast, documents comprising third-degree felonies are writings which create or otherwise affect legal relations. *Id.* at 843 (citing *Commonwealth v. Sargent*, 823 A.2d 174 (Pa.Super.2003), appeal denied, 575 Pa. 686, 834 A.2d 1142 (2003) (holding credit card holder's signature on credit card receipt sets forth contract to pay for merchandise between card holder, vendor, and credit card company); *Lenhoff, supra* (holding gun application creates legal relation with Commonwealth); *Commonwealth v. Sneddon*, 738 A.2d 1026 (Pa.Super.1999) (holding cash register receipt represents contract for sale of goods between buyer and seller; total on receipt signifies consideration given for goods)).

¶ 11 Applying the rules of statutory construction, this Court reasoned the forged building permit fit the class of documents enumerated in the statute as felony three offenses, because the permit created a legal relationship between the permit holder and the township, whereby the township authorized work to be performed on the permit holder's property in exchange for a permit fee. *Ryan, supra* at 844. Although the permit purported to be an instrument issued by a "government agency," it did not fit the class of enumerated writings with intrinsic value designated as second-degree felonies. *Id.* at 842.

¶ 12 With respect to money orders, they are instruments to facilitate the transmission of money. *Commercial Banking Corp. v. Freeman*, 353 Pa. 563, 46 A.2d 233 (1946). A money order is drawn by the issuer upon itself and issued to the purchaser as evidence that the issuer has received a specified sum of money from the purchaser and agrees to pay that sum to the payee or holder of the money order. *Id.* at 568–69, 46 A.2d at 236. Money orders qualify as negotiable instruments pursuant to the Commercial Code. *Triffin v. Dillabough*, 552 Pa. 550, 560, 716 A.2d 605, 610 (1998) (stating: "A negotiable in-

strument is an instrument capable of transfer by endorsement or delivery"). As such, a money order is a financial document which contains "an unconditional promise or order to pay a sum certain in money" and is payable on demand to the bearer. *Id.* at 557, 716 A.2d at 608 (citing 13 Pa.C.S.A. § 3104(a)). A money order may be presented in exchange for cash. *Id.* It may also be used to purchase goods at a commercial establishment. *Commonwealth v. Zabala,* 303 Pa.Super. 72, 449 A.2d 583 (1982). Because of their intrinsic monetary value, money orders can readily be the means of perpetrating widespread fraud, and the forgery of money orders can undermine confidence in these instruments for transmission of money. *Ryan, supra. See e.g. Zabala, supra* (holding defendant violated forgery statute by signing fictitious name on money order in exchange for merchandise and cash).

¶ 13 Instantly, the Commonwealth charged Appellant with forgery as a second-degree felony, because she signed a counterfeit United States Postal Service money order and cashed it for $700.00 at Boyer's Food Market. At Appellant's guilty plea hearing, the court told Appellant that she faced a maximum sentence of ten (10) years' imprisonment and/or a maximum fine of twenty-five thousand ($25,000.00) dollars for the second-degree felony. The court ultimately imposed a sentence of 11½–23 months' imprisonment on that offense. Dissatisfied with her sentence, Appellant sought to withdraw her guilty plea by claiming innocence. On appeal, Appellant now challenges the grading of her forgery charge. Although Appellant presented to the trial court a different basis for withdrawing her guilty plea, the alleged error in the grading of her forgery offense implicates both the legality of Appellant's sentence and the validity of her guilty plea. *See Sanchez, supra; Barbosa,*

*supra; Lenhoff, supra.* Therefore, we will address her grading claim on appeal.

¶ 14 The forgery statute does not explicitly list or categorize a money order. *See* 18 Pa.C.S.A. § 4101(c). Hence, we must apply the rules of statutory construction to designate an appropriate grading. *See Ede, supra; Ryan, supra.* This Court's analysis in *Ryan* is instructive. The forged building permit at issue in that case was deemed "not the type of document the legislature intended to comprise a felony of the second degree. Although the permit purport[ed] to be issued by Franklin Township in Greene County, a government agency, it [was] different in kind and class from the documents enumerated in Section 4101(c) as qualifying for a felony two designation." *See id.* at 842. As the *Ryan* Court observed, only writings that are, or purport to be, part of an issue of money, securities, postage, revenue stamps, stocks, and bonds, and have intrinsic pecuniary value, fall within the second-degree felony grade. *Id.;* 18 Pa. C.S.A. § 4101(c).

¶ 15 The significance of the counterfeit United States Postal Service money order at issue in the present case lies in its ostensible intrinsic monetary value. When Appellant signed the money order and presented it to the market, she represented her entitlement to the $700.00 cash she immediately received from the market owner. In accepting what was purported to be a valid money order, the market owner honored it for $700.00. *See Triffin, supra; Commercial Banking Corp., supra.* The ease with which Appellant negotiated the counterfeit money order illustrates how readily documents of that category might be utilized to perpetrate widespread fraud and undermine confidence in these instruments for the transmission of money. Thus, the subject counterfeit United States Postal Service money order falls within the

class of documents the legislature intended to comprise a felony of the second degree. *See Ryan, supra;* 18 Pa.C.S.A. § 4101(c).

¶ 16 Based on the foregoing, we hold Appellant's negotiation of a counterfeit United States Postal Service money order constituted a second-degree felony under the forgery statute. Because the trial court properly graded Appellant's forgery offense as a second-degree felony, her challenge to the legality of her sentence and her attendant dispute regarding the validity of her guilty plea warrant no relief. Accordingly, we affirm the judgment of sentence.

¶ 17 Judgment of sentence affirmed.