J. S17012/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| REBECCA JO KELLY, | : | |
| | : | |
| Appellant | : | No. 609 WDA 2014 |

Appeal from the Judgment of Sentence April 7, 2014
In the Court of Common Pleas of Cambria County
Criminal Division No(s).: CP-11-SA-0000089-2013

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED MARCH 17, 2015**

Appellant, Rebecca Jo Kelly, appeals from the judgment of sentence of thirty days' imprisonment entered in the Cambria County Court of Common Pleas after she pleaded guilty to driving under suspension,[1] her sixth violation.[2] She claims the trial court failed to enforce an alleged term of her plea agreement by denying her request for intermediate punishment and ordering that she serve her sentence in a county facility. We conclude that the trial court and the parties did not consider the legality of a "flat" thirty-

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 1543(a).

[2] Because this was a "sixth or subsequent offense under section 1543(a)," Section 6503(a.1) of the Vehicle Code applied. **See** 75 Pa.C.S. § 6503(a.1).

day sentence, and under the circumstances of this appeal, vacate the judgment of sentence and remand for resentencing.

The trial court set forth the procedural history of this case as follows:

> On October 10, 2013, [Appellant] entered a guilty plea to one count of Driving While Operating Privilege is Suspended or Revoked.[ ]  This was [Appellant's] sixth offense under section 1543.  On April 7, 2014, [Appellant] was sentenced to pay the costs of prosecution, pay a fine of $1,000 and serve thirty (30) days incarceration.  This sentence was within the standard range taking into consideration the mandatory sentences for a sixth or subsequent offense. . . .  [Appellant] filed a Motion for Reconsideration and a hearing was held April 11, 2014 at which time the Motion was denied.  Kelly filed a timely Notice of Appeal that same day and her sentence was stayed pending the outcome of this appeal.

Trial Ct. Op., 6/5/14, at 1.

Generally,

> [w]hen an appellant enters a guilty plea, she waives her right to challenge on appeal all non-jurisdictional defects except the legality of [her] sentence and the validity of [her] plea. . . .  The issue of whether a sentence is illegal is a question of law; therefore, our task is to determine whether the trial court erred as a matter of law and, in doing so, our scope of review is plenary.  Additionally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law.  If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.  An illegal sentence must be vacated.
>
> . . . Under certain circumstances, a defendant who enters a guilty plea after the court communicates an incorrect maximum sentence may be considered to have entered her plea unknowingly and involuntarily.  However, every mistake in computing the possible maximum or advising the defendant of the possible maximum will [not] amount

to manifest injustice justifying the withdrawal of a guilty plea; the mistake must be material to the defendant's decision to plead guilty.

***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271-72 (Pa. Super. 2008) (citations and punctuation omitted).  In light of the foregoing, we *sua sponte* consider the legality of the thirty-day sentence imposed on Appellant.

Section 6503(a.1) of the Vehicle Code states, "A person convicted of a sixth or subsequent offense under section 1543(a) shall be sentenced to pay a fine of not less than $1,000 and to imprisonment for not less than 30 days but not more than six months."  75 Pa.C.S. § 6503(a.1)   Section 9576 of Judicial Code states:

> **(a) General rule.**—In imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period up to the limit authorized by law and whether the sentence shall commence in a correctional or other appropriate institution.
>
> **(b) Minimum sentence.—**
>
> (1) The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.

42 Pa.C.S. § 9576(a), (b)(1).

This Court has recently held that Section 6503(a.1) does not permit the imposition of a flat sentence.  ***Commonwealth v. Postie***, ___ A.3d ___, ___, 2015 WL 660148 at *7-8 (Pa. Super. Feb. 15, 2015).  Rather, the trial court must state both a minimum and a maximum term of

imprisonment, and the minimum term cannot be more than one-half the maximum term.  **See** 42 Pa.C.S. § 9756(a), (b)(1).

Thus, we are compelled to conclude the flat sentence of thirty days was illegal.  Accordingly, we vacate the sentence and remand for resentencing.  Furthermore, we are constrained to observe that the court and the parties did not have the benefit of our decision in *Postie*. Therefore, our remand order shall not preclude the parties from seeking withdrawal of the guilty plea or engaging in further plea negotiations.[3]

Judgment of sentence vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2015

---

[3] In light of our conclusion that the sentence imposed was illegal, we decline to reach the specific issue raised in this appeal, *i.e.* whether the flat thirty-day sentence was intended to be a county sentence versus a sentence of intermediate punishment.