J-S89034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WELLS FARGO BANK, N.A. S/I/I/T WACHOVIA BANK, N.A. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DANIEL R. ENGLER AND JOY A. ENGLER | |
| Appellant | No. 200 EDA 2016 |

Appeal from the Order December 10, 2015
in the Court of Common Pleas of Monroe County Civil Division
at No(s): No. 7586-CV2011

BEFORE: SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:　　　　　　　**FILED April 25, 2017**

Appellants, Daniel R. Engler and Joy A. Engler, appeal from the order of the Monroe County Court of Common Pleas, Civil Division denying their petition to set aside a sheriff's sale. Appellee, Wells Fargo Bank, N.A., requests that we quash this appeal due to Appellants' failure to file a timely Pa.R.A.P. 1925(b) statement of matters complained of on appeal ("Rule 1925 statement") or a timely motion for extension of time within which to file a Rule 1925 statement. Pursuant to Pa.R.A.P. 1925(c)(2), we remand this case to the trial court for proceedings consistent with this memorandum.

Appellants are the owners of real property located at 137 Silver Springs Road, Kunkletown, Pennsylvania. Appellants mortgaged their property in 1988, and the mortgage was subsequently assigned to Appellee.

---

[*] Former Justice specially assigned to the Superior Court.

After living in their residence for over thirty-eight years, Appellants fell behind on their mortgage payments. On August 29, 2011, Appellee filed a mortgage foreclosure action. Following completion of the pleadings, Appellee moved for summary judgment. On November 4, 2013, the trial court granted summary judgment in favor of Appellee.

In June 2014, the Monroe County Sheriff's Office served Appellants with a notice of the sheriff's sale. On February 26, 2015, the sheriff's sale took place. On March 30, 2015, Appellants filed a petition to set aside the sheriff's sale. Appellants averred that Appellee's representative assured them that the sheriff's sale had been continued from February 26, 2015 for one month. Based on these assurances, Appellants did not take further action to save their house, such as filing for bankruptcy or moving to continue the sheriff's sale.

On August 19, 2015, the trial court held a hearing with regard to Appellants' petition. In an order docketed on December 11, 2015, the court denied Appellants' petition. Appellants timely appealed to this Court.

On January 11, 2016, the trial court ordered Appellants to file their Rule 1925 statement within twenty-one days. The docket states that the prothonotary sent this order to Appellants on January 12, 2016. Thus, the deadline for Appellants' Rule 1925 statement was February 2, 2016. Appellants did not request an extension of time to file their Rule 1925 statement until February 5, 2016, three days after the deadline.

On February 11, 2016, the trial court filed an opinion stating that Appellants waived all issues on appeal by failing to file a timely Rule 1925 statement. On February 12, 2016, Appellants filed a petition for enlargement of time within which to file their Rule 1925 statement. On February 16, 2016, the trial court vacated its February 11, 2016 opinion. On February 18, 2016, sixteen days after the deadline, Appellants filed their Rule 1925 statement.

On March 18, 2016, the trial court filed a new opinion agreeing with Appellants' claims of error and recommending that this Court reverse its order denying Appellants' petition to set aside the sheriff's sale.

In this Court, Appellee moved to dismiss the appeal on the ground that Appellants waived all issues by filing an untimely Rule 1925 statement. In response, pursuant to Pa.R.A.P. 1925(c)(2), Appellants filed an application for remand to the trial court for the trial court to accept their Rule 1925 statement *nunc pro tunc*. On May 12, 2016, a motions panel of this Court granted Appellee's motion to dismiss and denied Appellants' application for remand.

Appellants filed a timely application for reconsideration. On June 29, 2016, a motions panel of this Court granted Appellants' application for reconsideration and vacated the May 12, 2016 order. The motions panel also denied Appellee's application for dismissal without prejudice and denied Appellants' motion for remand as moot.

On September 26, 2016, Appellants filed a second motion for remand, again requesting a remand of the case for the trial court to accept their Rule 1925 statement *nunc pro tunc*. On October 31, 2016, a motions panel of this Court denied Appellants' motion without explanation.

Appellants raise one issue in this appeal:

> Did the trial court abuse its discretion by failing to set aside the sheriff's sale[,] where the Appellants, though having received notice, were, based upon representations made to Mr. Engler at the sheriff's sale when he was without counsel, confused and led to believe that the sheriff's sale would be continued and/or postponed[,] thereby causing Mr. Engler to refrain from making a formal request for a continuance and/or postponement himself?

Appellant's Brief at 3.[1]

Before we can address the merits of this issue, we must determine whether Appellants have shown good cause under Rule 1925(c)(2) for filing their Rule 1925 statement *nunc pro tunc*. If Appellants can demonstrate good cause, then they have preserved their issue for appeal; if they cannot, then they have waived this issue. For the reasons that follow, we conclude that the first step in determining whether Appellants have shown good cause is to remand this case to the trial court for an evidentiary hearing and findings of fact concerning the steps Appellants took in filing their Rule 1925 statement. Upon receipt of the trial court's findings of fact, this Court will

---

[1] This single issue is effectively the same as the four issues raised in Appellants' Rule 1925 statement.

apply the good cause test within Rule 1925(c)(2) to determine the appropriate remedy.

Pa.R.A.P. 1925(b) provides in relevant part:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> * * *
>
> (2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

*Id.* Pa.R.A.P. 1925(c) provides in relevant part:

> **(c) Remand.**
>
> (1) An appellate court may remand in either a civil or criminal case for a determination as to whether a Statement had been filed and/or served or timely filed and/or served.
>
> (2) **Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing *nunc pro tunc* of a Statement**

- 5 -

> or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion.

*Id.* (emphasis added).

In civil cases, the failure to file a timely Rule 1925 statement usually spells doom for the appeal. *See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 226-27 (Pa. Super. Ct. 2014) (*en banc*) (all issues in civil appeal waived where appellant filed Rule 1925 statement three days after deadline and failed to request extension prior to deadline). Nevertheless, Rule 1925(c)(2) authorizes this Court to permit a Rule 1925 statement *nunc pro tunc* "upon application of the appellant and for good cause shown."

Although Rule 1925(c)(2) does not define "good cause," Rule 1925(b)(2) defines this term to "include[] . . . delay in the production of a transcript necessary to develop the [Rule 1925] Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal." Pa.R.A.P. 1925(b)(2). We think it clear that our Supreme Court intended for "good cause" to have the same meaning in subsection (c)(2) as in subsection (b)(2). *Cf. Bd. of Revision of Taxes, City of Phila. v. City of Phila.*, 4 A.3d 610, 622 (Pa. 2010) ("[S]ections of a statute must be read together and in conjunction with each other, and construed with reference to the entire statute. A word or phrase whose meaning is clear when used in one section of a statute will

be construed to mean the same thing in another section of the same statute") (citations and quotation marks omitted); ***Commonwealth v. Smith***, 883 A.2d 612, 615 (Pa. 2005) ("[a]n interpretation of the language in a section of a statute must remain consistent throughout the statute") (citation omitted).

Similarly, Rule 1925(c)(2) does not define "*nunc pro tunc*," but the Note to Rule 1925(b)(2) explains this term in detail:

> In general, *nunc pro tunc* relief is allowed only when there has been a breakdown in the process constituting extraordinary circumstances. **See, e.g., *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election***, [] 843 A.2d 1223, 1234 ([Pa.] 2004) ("We have held that fraud or the wrongful or negligent act of a court official may be a proper reason for holding that a statutory appeal period does not run and that the wrong may be corrected by means of a petition filed *nunc pro tunc*.") Courts have also allowed *nunc pro tunc* relief when "non-negligent circumstances, either as they relate to appellant or his counsel" occasion delay. ***McKeown v. Bailey***, 731 A.2d 628, 630 (Pa. Super. 1999). However, even when there is a breakdown in the process, the appellant must attempt to remedy it within a "very short duration" of time. ***Id.***; ***Amicone v. Rok***, 839 A.2d 1109, 1113 (Pa. Super. 2003) (recognizing a breakdown in process, but finding the delay too long to justify *nunc pro tunc* relief).

Note, Pa.R.A.P. 1925(b)(2). Once again, we think it clear that our Supreme Court intended "*nunc pro tunc*" to mean the same thing in subsection (c)(2) as it does in the Note to subsection (b)(2). ***Cf. Bd. of Revision of Taxes***, 4 A.3d at 622; ***Smith***, 883 A.2d at 615.

Here, Appellants provide the following reasons for failing to file their Rule 1925 statement before the court-ordered deadline of February 2, 2016:

[B]etween January 11, 2016 and January 21, 2016, undersigned counsel's staff made telephone calls to the Prothonotary of Monroe County and were informed that all requests for transcripts were to be made through that office, hence, several additional calls were made inquiring about and then following up on the cost of the transcript, with the understanding that the transcript had been ordered. On January 21, 2016, not having received a response as a result of the oral communications with the Prothonotary's Office, undersigned counsel forwarded correspondence containing a Statement Regarding Transcript Under Rule of Appellate Procedure 904(c) to the Prothonotary.

On January 23, 2016, undersigned counsel again called the Prothonotary to inquire whether the request for transcripts had been received. Again, not hearing further from the Prothonotary or Court Reporter on the cost of transcript, a copy of the aforesaid documentation was forwarded, on January 25, 2016, to the Honorable Stephen M. Higgins (trial court).

On or about January 25, 2016, undersigned counsel received a call from the Prothonotary and was informed, for the first time, that to obtain the transcript, and have it filed of record, he was required, under local rule and dissimilar from Pa.R.A.P. 1911, to file a formal petition to obtain transcripts. Undersigned counsel immediately prepared forwarding correspondence, along with a Petition Requesting Transcripts to the Prothonotary on January 26, 2016.

On January 28, 2016, undersigned counsel then called the Prothonotary to determine if all requests had made it to the trial court. On February 5, 2016, undersigned counsel received the Order, dated February 1, 2016, granting the request for transcripts and was informed of the transcript costs. On February 8, 2016, counsel sent a check for the full amount of the cost of transcripts to the Prothonotary and/or Court Reporter.

On February 11, 2016, the trial court issued a Statement Pursuant to Pa.R.A.P. 1925(a), adopting the reasoning set forth in its order of December 10, 2015, with

recognition that [Appellants] had failed to file a Statement. Subsequent to the issuance of the first Rule 1925(a) Statement, on February 11, 2016, the transcript from the hearing was filed of record. On that same day, but before receiving the trial court's Rule 1925(a) Statement or the transcript, [Appellants] forwarded a Petition to Enlarge Time to File and Serve Statement of Errors and a proposed order to the trial court. Therein, counsel for Englers alleged that he had not yet received the transcript from the relevant hearing, which was necessary for counsel to prepare the Statement of Errors. The Certificate of Service of this document reflects that it was served on Appellee's counsel of record and, despite that service, Appellee did not object to the request for an extension of time to file the Statement. Later, undersigned counsel received the transcript, via email, from which he could prepare and file a Statement. [Appellants'] Petition to Enlarge time was filed on February 12, 2016.

On February 17, 2016, the trial court issued and filed an Order vacating its Statement Pursuant to Pa.R.A.P. 1925(a) of February 11, 2016 and granted [Appellants] ten (10) days within which to file their Statement. Within one (1) day of the notice of the extension being sent by the Prothonotary, [Appellants] filed their Statement of Errors Complained of on Appeal on February 18, 2016.

Appellants' Reply Brief at 3-5 (citations omitted).

Rule 1925(c)(2) requires this Court—not the trial court—to determine whether good cause exists to permit the filing of Appellants' Rule 1925 statement *nunc pro tunc*. As an appellate court, however, we cannot assess the credibility of the foregoing factual assertions in Appellants' reply brief. Only the trial court can perform this task through an evidentiary hearing.

Accordingly, within the next sixty days, we direct the trial court to conduct an evidentiary hearing and enter findings of fact detailing the steps Appellants took between January 12, 2016, the date the prothonotary sent

Appellants notice of the order to file a Rule 1925 statement, and February 18, 2016, the date Appellants filed their Rule 1925 statement. Upon receipt of the trial court's findings of fact, we will determine whether good cause exists under Rule 1925(c)(2) to permit the filing of Appellants' Rule 1925 statement *nunc pro tunc*. We then will take all other necessary steps to resolve this appeal.[2]

Case remanded for proceedings consistent with this memorandum. Jurisdiction retained.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2017

_____

[2] We acknowledge that this decision differs from the orders of our two motions panels denying Appellants' motions for remand. Nevertheless, in our capacity as the merits panel, we are not bound by decisions of the motions panel in earlier stages of this appeal. It is well-settled that a trial judge may revisit issues decided by another judge during an earlier stage of the case. *See Goldey v. Trs. of Univ. of Pa.*, 675 A.2d 264, 267 (Pa. 1996) (notwithstanding law of the case doctrine, "where the motions differ in kind, as preliminary objections differ from motions for judgment on the pleadings, which differ from motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion"). The same logic enables a merits panel of this Court to reconsider issues decided by a motions panel to effectuate the proper disposition of the appeal.