J-S40019-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
LAVON CECIL SMITH, :
:
Appellant : No. 1627 WDA 2014

Appeal from the PCRA Order September 16, 2014,
Court of Common Pleas, Allegheny County,
Criminal Division at No(s): CP-02-CR-0014857-2000
and CP-02-CR-0015047-2000

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JULY 8, 2015**

Lavon Cecil Smith ("Smith") appeals from the September 16, 2014 order entered by the Allegheny County Court of Common Pleas dismissing his third petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"), as untimely.  We affirm.

On February 14, 2002, the trial court convicted Smith of first-degree murder, attempted murder and aggravated assault for the stabbing death of his wife and serious injury of his daughter.[1]  On May 14, 2002, the trial court sentenced him to life in prison without the possibility of parole plus twenty to forty years of imprisonment.  Smith filed post-sentence motions and a direct appeal, and this Court affirmed his judgment of sentence on January 6,

_____

[1]  18 Pa.C.S.A. §§ 2502(a), 901(a), 2702(a)(1).

*Retired Senior Judge assigned to the Superior Court.

2004. The Pennsylvania Supreme Court denied his petition for allowance of appeal on June 23, 2004.

Smith filed a timely pro se PCRA petition on May 13, 2005. The PCRA court appointed counsel, who ultimately filed a *Turner/Finley*[2] no-merit letter and a petition to withdraw as counsel. On September 5, 2006, the PCRA court granted counsel's petition to withdraw and issued notice of its intent to dismiss Smith's petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court dismissed the petition on October 16, 2006. Smith appealed the dismissal pro se, and this Court affirmed on October 2, 2007.[3] Our Supreme Court denied his petition for allowance of appeal on July 23, 2008.

Smith filed a second pro se PCRA petition on July 27, 2011. On August 19, 2011, the PCRA court issued a Rule 907 notice, and thereafter dismissed the petition on September 21, 2011. Smith again appealed this dismissal pro se, and this Court affirmed on August 1, 2012. On December 26, 2012, the Pennsylvania Supreme Court denied his request for allowance of appeal.

Smith filed the instant pro se PCRA petition – his third – on April 7, 2014, alleging that Commonwealth witness Detective Christine Williams was

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[3] While Smith's appeal from the dismissal of his first PCRA petition was pending before this Court, the record reflects that on April 5, 2007, Smith filed a pro se motion entitled "Motion for Ineffective Assistance of Counsel," upon which no action was taken by the lower court.

biased in her investigation, as she knew the victims in this case and shared the same last name as Smith's deceased wife. According to Smith, this information constituted newly discovered facts and **Brady**[4] material that the Commonwealth withheld, entitling him to a new trial. The PCRA court appointed counsel, who filed a **Turner/Finley** no-merit letter and request to withdraw. The PCRA court issued a Rule 907 notice on May 5, 2014 and dismissed the petition on September 16, 2014, permitting counsel to withdraw.

Smith filed a timely pro se notice of appeal. He raises the following issues for our review, which we recite verbatim from the concise statement of errors complained of on appeal included in his appellate brief[5]:

> A. Did not face and prima facie constitutional memorandum of law defeat the time bar which activated the court order?
>
> B. Was the enforcement of the appeal at the cost of Allegheny County by court order, evidence the petitioner hurdled the time bar with evidence and constitutional?

---

[4] **Brady v. Maryland**, 373 U.S. 83 (1963).

[5] Smith did not include a statement of questions involved section in his appellate brief as required by Pa.R.A.P. 2116(a), and instead included at the beginning of his brief the concise statement of errors complained of on appeal that he filed pursuant to Pa.R.A.P. 1925(b). Although the failure to comply with Rule 2116(a) would justify the dismissal of his appeal, **see** Pa.R.A.P. 2101, 2116(a), we do not do so here based upon the manner by which we decide this appeal. **See Commonwealth v. Ryan**, 909 A.2d 839, 841 (Pa. Super. 2006) (declining to find waiver despite violation of Rule 2116).

C. Did not race play a key role in not investigating, consulting or filing the court ordered appeal which would reveal a hate crime by his associate attorneys, the Commonwealth and the police?

D. Was not the March 2, 2006 criminal complaint filed (copy enclosed) against the Commonwealth (8) eight years earlier, a sign of the evidence that would come, that a constitutional crime was being committed?

Smith's Brief at 2.

We review the denial of a PCRA petition on timeliness grounds according to the following standard:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature. The court cannot ignore a petition's untimeliness and reach the merits of the petition. Section 9545(b)(1) requires a petitioner to file a PCRA petition within one year of the date the judgment [became] final.

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013) (internal citations and quotations omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The judgment of sentence in the case before us became final on September 21, 2004 – ninety days after the Pennsylvania Supreme Court denied Smith's request for allowance of appeal. *See* U.S.SUP.CT.R. 13

(stating that a writ of certiorari is timely if filed within ninety days of the entry of judgment by a state court of last resort or a federal court of appeals). Thus, the instant PCRA petition, filed on April 7, 2014, is facially untimely.

Section 9545(b)(1) provides three statutory exceptions to the timeliness provisions that allow for very limited circumstances under which the late filing of a PCRA petition will be excused:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). "Any petition invoking an exception provided in paragraph (1) shall be filed within [sixty] days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). It is the petitioner's burden to plead and prove, by a preponderance of the evidence, that his facially untimely petition falls under one of the three timeliness exceptions; that he filed it within sixty days of the date it could have been presented; and that the information could not have been obtained earlier.

*Commonwealth v. Williams*, 105 A.3d 1234, 1239 (Pa. 2014); *Commonwealth v. Ali*, 86 A.3d 173, 178 (Pa. 2014), *cert. denied sub nom.*, *Ali v. Pennsylvania*, 135 S. Ct. 707 (U.S. 2014).

As stated above, Smith attempts to invoke the first and second exceptions to the PCRA time bar, alleging that the Commonwealth withheld *Brady* material that also constituted newly discovered facts. Specifically, Smith asserts that Commonwealth witness Detective Christine Williams had a "conflict of interest" as she and Smith's wife allegedly grew up in the same neighborhood, attended the same high school, and worshiped at neighboring churches. *See* Smith's Brief at 5. Smith contends that this information is suggestive of a conspiracy between unnamed individuals and entities to violate his constitutional rights and "withhold[] relevant identity evidence for a total of almost a decade and a half." *See id.* at 4-6. Assuming solely for the sake of this argument that the information allegedly withheld meets the pleading requirements for the time bar exceptions in section 9545(b)(1)(i) and/or (ii), Smith included no indication in his PCRA petition of when he became aware of this information. *See* PCRA Petition, 4/7/14. He likewise fails to include any such averment in his brief on appeal.

As Smith failed to satisfy his burden of proving that he became aware of this information within sixty days of the date he filed his third PCRA petition and that the information could not have been obtained earlier, the PCRA court lacked jurisdiction to review the substantive claims raised. *See*

***Williams***, 105 A.3d at 1239; ***Ali***, 86 A.3d at 178; ***Taylor***, 67 A.3d at 1248.

We therefore find no error in the PCRA court's decision to dismiss Smith's third PCRA petition without a hearing.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015