J-S74035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MORGAN MOLLENKOPF, | : | |
| | : | |
| Appellant | : | No. 1387 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 12, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002615-2017

BEFORE: LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 22, 2019**

Morgan Mollenkopf appeals from the judgment of sentence entered following her plea of guilty to possession with intent to deliver.[1] Mollenkopf's counsel has filed an ***Anders***[2] brief and petition to withdraw as counsel. We affirm Mollenkopf's judgment of sentence and grant counsel's request to withdraw.

Mollenkopf pleaded guilty on April 12, 2018, pursuant to a plea agreement. The court sentenced Mollenkopf, pursuant to the agreement, to two to four years' incarceration with RRRI[3] eligibility. The court required her to submit a DNA sample, a $250 fee, and court costs.

---

[1] 35 P.S. § 780-113(a)(30).

[2] ***Anders v. California***, 386 U.S. 738 (1967).

[3] ***See*** 61 Pa.C.S.A. §§ 4501-4512 (relating to the "recidivism risk reduction incentive").

Mollenkopf appealed, and, as stated above, her attorney has filed an *Anders* brief and petition to withdraw. Before we assess the merits of any argument calling Mollenkopf's judgment of sentence into question, we must pass on counsel's request to withdraw from representation. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). An *Anders* brief that accompanies a request to withdraw must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Counsel must also provide a copy of the *Anders* brief to the client, and a letter that advises the client of the right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa.Super. 2014) (quoting *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007)). If we determine that counsel has satisfied these requirements*,* we then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." *Commonwealth v. Dempsey*, 187

A.3d 266, 271-72 (Pa.Super. 2018) (*en banc*) (quoting **Anders**, 386 U.S. at 744).

Here, in the **Anders** brief, counsel relates a brief history of the case, suggests the only appealable issue is a claim that Mollenkopf entered her plea unknowingly or involuntarily, and asserts that he has determined pursuit of that issue would be wholly frivolous. **Anders** Br. at 5-6. Counsel's petition to withdraw states that counsel has served a copy of the **Anders** brief upon Mollenkopf and advised her that she may raise any additional issues before this Court *pro se* or with private counsel. Counsel attached a copy of his letter to Mollenkopf as an exhibit to the petition. We conclude the **Anders** brief satisfies the necessary requirements, and therefore turn to our own review of whether a non-frivolous issue exists for appeal, noting that Mollenkopf has not filed any additional brief with this Court, either *pro se* or through private counsel.

"When an appellant enters a guilty plea, she waives her right to 'challenge on appeal all non-jurisdictional defects except the legality of her sentence and the validity of her plea.'" **Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa.Super. 2008) (quoting **Commonwealth v. Rush**, 909 A.2d 805, 807 (Pa.Super. 2006)) (brackets omitted). Issues related to the validity of the plea must be preserved in the lower court. **Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n.3 (Pa.Super. 2006).

Our review of the record indicates Mollenkopf did not object or otherwise raise any issue related to the validity of her guilty plea at the time of her plea

and sentencing. Nor did Mollenkopf file a post-sentence motion challenging her plea or seeking to withdraw it. Thus, she has not preserved any issues related to the validity of her guilty plea. ***Tareila***, 895 A.2d at 1270 n.3. Moreover, our independent review of the record indicates no jurisdictional defects or illegality in Mollenkopf's sentence. ***Pantalion***, 957 A.2d at 1271.

Having found no reviewable issues, we affirm Mollenkopf's judgment of sentence, and grant counsel's request to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/19