J-A05036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LAW OFFICE OF BRUCE J. CHASAN, LLC AND BRUCE CHASAN, ESQUIRE | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| | : | No. 2928 EDA 2016 |
| FREUNSLICH & LITTMAN, LLC AND GREGORY LITTMAN, ESQUIRE | : : | |

Appeal from the Order Entered August 22, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 00623 Feb. Term, 2015

BEFORE: NICHOLS, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED MARCH 29, 2018**

Appellants Bruce J. Chasan, Esq. *et al*., (hereinafter Chasan) appeal from the Order entered in the Court of Common Pleas of Philadelphia County on August 22, 2016, granting summary judgment in favor of Appellees Gregory Littman, *Esq*. *et al.* (hereinafter Littman) and dismissing Chasan's defamation action. We affirm.

The trial court set forth the pertinent facts and procedural history herein as follows:

> This is a defamation suit arising from the conduct of attorneys in the litigation of a separate matter, <u>Govberg v. Feierstein</u>, Philadelphia CCP no. 130704676. The allegedly defamatory statements were made in three letters written by Attorney Littman and sent to multiple third parties while the Govberg case was pending. Attorney Littman was plaintiffs' counsel, and Attorney Chasan represented defendant Edward Feierstein. It is undisputed that Attorney Littman made the

_____

* Former Justice specially assigned to the Superior Court.

statements, intended their apparent meaning, and meant them to apply to Attorney Chasan. It is further undisputed that the recipients of the letters understood the intended meanings of the statements.

In the Govberg matter, Attorney Littman conducted a pre - Complaint deposition of would-be defendant Mr. Feierstein. After the deposition, Attorney Chasan repeatedly urged Attorney Littman and his clients not to pursue the matter, saying it lacked merit. Attorney Littman's clients refused and filed a Complaint against Mr. Feierstein. Mr. Feierstein's Answer laid a counterclaim against the plaintiffs and against Attorney Littman personally, suing for attorney's fees under 42 Pa. C.S.A. § 2503(9) for vexatious filing of a baseless suit.

**The February 5, 2014 letter (<u>Dragonetti</u> Notice) to Attorney Chasan**

Shortly after the filing of the Govberg Answer, Attorney Littman sent a <u>Dragonetti</u> Notice to Attorney Chasan. The letter contained several allegations of misconduct and included the following statements:

1. the counterclaim brought by Attorney Chasan and his client was baseless, unlawful, and constituted wrongful use of civil proceedings;

2. Attorney Chasan and Mr. Feierstein were engaged in witness intimidation by using their counterclaim against Attorney Littman to discourage Attorney Littman's brother, Matthew Littman, from testifying against Mr. Feierstein in an upcoming, unrelated criminal trial for which Matthew Littman had been subpoenaed;

3. Attorney Littman had notified the Attorney General's Office of Attorney Chasan and Mr. Feierstein's "egregious and criminal offense" of witness intimidation;

4. Mr. Feierstein had claimed mental incompetence to stand trial in his criminal matter and had checked himself into a mental health facility, although he simultaneously continued to file and sign legal papers for the Govberg matter; Attorney Littman therefore

suspected that Mr. Feierstein was defrauding the criminal court and that Attorney Chasan was be knowingly participating in this conduct; and

5. that Attorney Chasan's actions violated the Pennsylvania Rules of Professional Conduct, and the counterclaim was brought "with gross negligence, without probable cause and with the intention to annoy, forcing [Attorney Littman and his clients] to spend more time and money with [the Govberg] litigation, while attempting to intimidate a witness that will testify against Mr. Feierstein in his criminal trial," and that this conduct warranted a disciplinary report.

The letter instructed Attorney Chasan to withdraw the Govberg counterclaim within three days or be subject to an ethics complaint. The letter was carbon-copied to Deputy Attorneys General Kenneth McDaniels and Eric Schoenberg, the prosecutors in Mr. Feierstein's criminal trial; Bruce Castor, Esq., Mr. Feierstein's criminal defense attorney; James Schwartzman, Esq., an ethics attorney with whom Attorney Littman had consulted about the instant matter; and Attorney Littman's clients, the Govberg plaintiffs. Attorney Chasan and/or Mr. Feierstein declined to withdraw the Complaint.

### The February 24, 2014 letter to Attorney Chasan

Three weeks later, Attorney Littman sent a second allegedly defamatory letter addressed to Attorney Chasan and copied to the same parties from the previous letter. The letter reiterated that Attorney Chasan was acting in violation of Pennsylvania Rule of Professional Conduct 3.3, Candor Toward the Tribunal. Furthermore, he alleged, Attorney Chasan's conduct was being used for illegitimate purposes to harass and intimidate others, it violated statutory law, and it disrespected the legal system and attorneys. He furthermore stated, "[I]f you continue to represent Mr. Feierstein with the knowledge that he is defrauding the Court, you will leave me no choice [but to lodge an ethics complaint]."

### The March 28, 2014 letter to the Court

One month later, Attorney Littman wrote a third letter allegedly defaming Attorney Chasan, this time addressed to the

- 3 -

Honorable Ellen Ceisler, the presiding judge in the Govberg case, and copied only to Attorney Chasan. The letter stated that Attorney Chasan and Mr. Feierstein were acting "in bad faith" in the Govberg matter, that Attorney Littman's attempts to resolve the issue with Attorney Chasan had been met with silence, that Mr. Feierstein had sued Attorney Littman personally for filing the Govberg suit, that Mr. Feierstein was alleging mental incompetence to stand trial in the contemporaneous Montgomery County criminal proceeding, and that Attorney Chasan was suing Attorney Littman for defamation due to Attorney Littman's copying of outside parties on the prior two letters. He furthermore requested a conference with the court and Attorney Chasan "so that this matter can be litigated without jeopardizing the integrity of the Court." Attorney Littman also attached copies of the prior two letters to the Judge Ceisler letter.

_____

[1]Appellants and Appellees are suing in their personal capacity as individual attorneys and as their respective related professional entities/law practices. We refer to them herein as "Attorney Chasan" and "Attorney Littman," respectively, for clarity.
[2] Appellants raised eight allegations of error in their 1925(b) Statement of Matters Complained on Appeal. However, for the sake of relative brevity and due to the duplicative nature of certain allegations, we limit this Opinion to the requirements of Pa. R.A.P. 1925(a).

Trial Court Opinion, filed 6/30/17, at 1-4.

In its Order entered on August 22, 2016, the trial court granted Littman's Motion for Summary Judgment and dismissed Chasan's claims with prejudice. On September 7, 2016, Chasan filed a timely notice of appeal with this Court. On September 9, 2016, the trial court ordered Chasan to file a concise statement of the errors complained of on appeal within twenty-one (21) days. Chasan filed the same on September 28, 2016, wherein he set forth the following eight issues:

1. The court erred in granting summary judgment to [Littman] on [Chasan's] defamation complaint wherein the record included evidence to support each element on which [Chasan] bear[s] the burden of proof under 42 Pa.C.S.A. § 8343(a), thus showing a disputed issue of material fact as to each element.

2. The court erred in granting summary judgment to [Littman] in the mistaken belief that it was necessary for [Chasan] to introduce expert testimony in support of the elements on which [Chasan] bear[s] the burden of proof under 42 Pa.C.S.A. § 8343(a).

3. The court erred in granting summary judgment to [Littman] when there were disputed issues of material fact as to truth of the alleged defamatory communications.

4. The court erred in granting summary judgment to [Littman] when there were disputed issues of material fact as to whether the letters authored by Attorney Littman were privileged.

5. The court erred in granting summary judgment to [Littman] when there were disputed issues of material fact as to whether the subject matter of the defamatory comments was a matter of public concern.

6. The court erred in granting summary judgment to [Littman], relying on [Littman's] beliefs and [Littman's] advisor's belief and opinions, since the credibility of the movant's oral testimony is for the jury to determine.

7. The court erred in granting summary judgment to [Littman] when relying on [Littman's] expert report, as the credibility of the expert is for the jury.

8. The court erred in granting summary judgment to [Littman] in relying on two October 2014 emails by Feierstein, which [Chasan] had no role in composing or sending, and which were authored by Feierstein more than six months after [Littman] sent [the] defamatory communications, and were therefore irrelevant.

*See* [Chasan's] Rule 1925(b) Statement of Errors Complained of, filed 9/28/16, at ¶¶ 1-8.

- 5 -

In his brief, Chasan presents the following two questions for this Court's review:

> 1.    Did the court err as a matter of law in holding that [Chasan] had insufficient evidence to show [Littman] published the defamatory statements with fault, *i.e.*, with negligence and/or reckless disregard of their falsity?
>
> 2.    Did the court err as a matter of law in holding that [Chasan] had insufficient evidence of damages to support a claim for defamation based on [Littman's] publication of defamatory statements?

[Chasan's] Brief at 5.

Before reaching Appellant's claims raised on appeal, we must first determine whether they are properly before us. Pennsylvania Rule of Appellate Procedure 1925 provides that a Rule 1925(b) statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this [Rule] are waived." Pa.R.A.P. 1925(b)(4)(vii). Regarding Rule 1925(b), our Supreme Court has stated:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte,* and the Rule applies

> notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule.[13] We yet again repeat the principle first stated in *Lord* that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." [Commonwealth v. Lord, 719 A.2d 306, 309 (Pa. 2011)].

***Commonwealth v. Hill***, 609 Pa. 410, 427, 16 A.3d 484, 494 (2011) (footnote omitted).

This Court also has considered the question of what constitutes a sufficient 1925(b) statement on many occasions, and it is well-established that "Appellant's concise statement must properly specify the error to be addressed on appeal." ***Commonwealth v. Hansley***, 2011 PA Super 129, 24 A.3d 410, 415 (Pa. Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (citation omitted). "[T]he Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal." ***Id.*** (brackets, internal quotation marks, and citation omitted). ***In re A.B.***, 63 A.3d 345, 350 (Pa.Super. 2013). Moreover, "[a] theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief." ***Commonwealth v. Ryan***, 909 A.2d 839, 845 (Pa.Super. 2006) (citation omitted), *appeal denied*, 597 Pa. 714, 951 A.2d 1163 (2008).

In his appellate brief, Chasan contends the trial court erred in finding the evidence was insufficient to establish that the defamatory statements had been published with fault and that there had been insufficient evidence of damages to support Littman's defamation claims. However, while he presented a challenge to the sufficiency of the evidence in paragraph one of his concise statement, the claim is a general one pertaining the evidence to support "each element on which [Littman] bear[s] the burden of proof under 42 Pa.C.S.A. § 8343(a)." **See** concise statement, **supra**, at ¶1. That statute lists seven (7) issues which a plaintiff has the burden of proving in a defamation action. It is well-established that "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa.Super. 2013). While the trial court herein ultimately granted Littman's motion for summary judgment upon finding that Chasan had failed to provide sufficient evidence of fault or damages to prove a defamation or defamation *per se* claim, **see** Trial Court Opinion, filed 6/30/17, at 4, the fact that a trial court addressed an appellant's sufficiency claim in its Rule 1925(a) opinion is of no moment to a waiver analysis. **Commonwelth v. Gibbs**, 981 A.2d 274, 281 (Pa.Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010).

Here, Chasan failed to identify specifically in his concise statement how the evidence had been insufficient to satisfy any of the elements necessary to establish a defamation claim. Moreover, Appellant's claims raised in his appellate brief are not subsumed in the remaining seven issues presented in his concise statement. Because only claims properly presented before the trial court are preserved for appeal, and Chasan's sufficiency of the evidence challenge in his Rule 1925(b) statement not only was vague but also did not mention publication with negligence and/or reckless disregard or refer to damages, his contentions in his appellate brief concerning those statements are waived. *See Hansley* and *Ryan*, *supra*.

Order affirmed.[1]
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/18

---

[1] We may affirm the trial court's order on any valid basis. *Plasticert, Inc. v. Westfield Ins. Co.*, 923 A.2d 489, 492 (Pa.Super. 2007).