J. A17045/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| INDIGA CEARRA DAVIS, | : | No. 3546 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered November 15, 2019,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0001092-2019

BEFORE: BOWES, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JULY 20, 2020**

Indiga Cearra Davis appeals from the November 15, 2019 judgment of sentence entered by the Court of Common Pleas of Chester County following her conviction of one count of forgery—unauthorized act in writing,[1] following a bench trial. The trial court sentenced appellant to, ***inter alia***, three years' probation. After careful review, we affirm.

The following facts can be gleaned from the certified record: Appellant pled guilty to two counts of forgery—unauthorized act in writing and one count of theft by unlawful taking at No. CP-15-CR-0001015-2018. During sentencing, appellant provided the trial court with a character reference letter purportedly written by Ona Lingyte and Donyetta Stevens. While the letter

---

[1] 18 Pa.C.S.A. § 4101(a)(2).

was neither marked nor admitted into evidence, the letter was read by the trial judge, Chester County President Judge Jacqueline C. Cody. Neither Lingyte nor Stevens wrote a character reference letter for appellant, nor did they authorize anyone to write a character reference letter on their behalf.

> The letter [at issue] sp[oke] very well of [appellant.] When it came time to impose [appellant's] sentence, Judge Cody stated that she absolutely considered the letter as a factor at sentencing. When asked to explain her consideration of the letter, Judge Cody responded as follows:
>
>> Part of the reason that this letter was so important in this particular case is because the victim in the case I was sentencing [appellant] on was a prior employer. And the prior employer thought [appellant] had done such a great job, and at the same time she was stealing from them. And when I got this letter, I was impressed with what this person allegedly was saying, that [appellant] was a star there, and talked about what a good job she was doing.
>>
>> And it sounded to me like based on the letter that she had reported everything that had happened before, and they thought that she was wonderful and I believed it was coming from an employer. I didn't know that it was made up and it was a lie. That would have made a big difference in my decision in this case. I believe that the Commonwealth was asking for significantly more time than I sentenced [appellant] to. And this letter was a big part of that because I want people to succeed after they take responsibility for their crimes.
>
> [Notes of testimony, 9/6/19 at 20-21.]

. . . .

Judge Cody further testified that had she not received this letter with the glowing report from a current employer, it may have potentially impacted the sentence.

On cross-examination, she testified that at the sentencing hearing she found it troubling that [appellant] did not tell her new employer about her pending charges when she attained the job. In both of her positions, [appellant] used her talent in working with children and since Judge Cody believed the letter was from an employer, she took that into consideration.

Judge Cody was made aware on August 9, 2018 that the letter was not written by the people whose names were on the letter. She and Peter Jurs received a letter via email about the fraudulent letter from prosecutor Michelle Frei. Judge Cody did not seek a direct contempt of court proceeding against [appellant]. She allowed the Commonwealth to make the decision as to how they wanted to proceed. She did not take or initiate any action.

. . . Judge Cody stated that she considered everything that was offered at the [sentencing] hearing in consideration of the sentence and that the sentence is "consistent with some of the good things that you're doing, and what I hope will be good things that you do in the future." At the sentencing hearing at which the fraudulent letter was offered, [appellant] stated that "I have worked really hard in being an honest and loving person, and changing my life around for my son and for my new born coming soon."

Trial court opinion, 2/5/20 at 5-7.

The Commonwealth subsequently charged appellant with the aforementioned offense. Following a bench trial, the trial court convicted

appellant. The trial court imposed sentence on November 15, 2019. On December 12, 2019, appellant timely filed a notice of appeal. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and appellant timely complied. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on February 5, 2020.

Appellant raises the following issue for our review:

> Was there sufficient evidence to prove [appellant] intended to defraud or injure another when, at a sentencing hearing in another case, she presented a letter of character reference purportedly written by two former employers who did not authorize the writing?

Appellant's brief at 1.

> In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

>> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.
>
> ***Commonwealth v. Franklin***, 69 A.3d 719, 722-23 (Pa.Super. 2013) (internal quotations and citations omitted). Importantly, "the [fact finder], which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." ***Commonwealth v. Ramtahal***, [], 33 A.3d 602, 607 ([Pa.] 2011).

***Commonwealth v. Sebolka***, 205 A.3d 329, 336-337 (Pa.Super. 2019).

The Crimes Code defines forgery—unauthorized act in writing as follows:

> A person is guilty of forgery if, with intent to defraud or injure anyone, **or** with knowledge that [s]he is facilitating a fraud or injury to be perpetrated by anyone, the actor . . . . makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize the act . . .

18 Pa.C.S.A. § 4101(a)(2) (formatting altered; emphasis added).

Here, appellant contends that the Commonwealth failed to introduce sufficient evidence that established beyond a reasonable doubt that appellant

acted with the intent to defraud or injure anyone. (Appellant's brief at 5.) Specifically, appellant argues that, "the reasonable inference drawn from [her] action is that she sought leniency for herself. This intent does not equal an intent to defraud or injure [the trial court]." (*Id.*) As noted by the Commonwealth, appellant does not offer any argument as to whether the Commonwealth established beyond a reasonable doubt that appellant acted "with the knowledge that [s]he is facilitating a fraud . . . to be perpetrated by anyone[.]" (Commonwealth's brief at 15, citing 42 Pa.C.S.A. § 4101(a) (emphasis omitted). *See also Commonwealth v. Ryan*, 909 A.2d 839, 845 (Pa.Super. 2006).)

We find *Commonwealth v. Orie*, 88 A.3d 983 (Pa.Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014), to be persuasive here. In *Orie*, the Commonwealth charged the defendant—a then-state senator—with multiple offenses related to allegations of the defendant's legislative staff members' engaging in political campaign work. *Id.* at 990. The defendant's first trial ended in a mistrial following the discovery during jury deliberations of altered defense exhibits that were admitted by the trial court. *Id.* at 990-991, *see also Commonwealth v. Orie*, 33 A.3d 17, 19 (Pa.Super. 2011) (*per curiam*), *appeal denied*, 32 A.3d 1195 (Pa. 2011). The

Commonwealth subsequently charged the defendant with, *inter alia*, two counts of forgery—uttering a forged writing.[2]

Following her second trial, a jury convicted the defendant of, *inter alia*, both forgery counts. The defendant appealed to this court, challenging the sufficiency of the evidence. *Orie*, 88 A.3d at 1013. This court affirmed the defendant's convictions, relying in part on the trial court's Rule 1925(a) opinion:

> The alterations in the documents were beneficial to [the defendant's] case. Clearly, [the defendant] had an interest in offering into evidence the documents that were at least, in part, exculpatory.

*Id.* at 1015 (citation omitted).

Here, as noted above, appellant admits that the "reasonable inference drawn from [her] action is that she sought leniency for herself." (Appellant's brief at 5.) Put another way, the document at issue was, much like the altered defense exhibits in *Orie*, beneficial to appellant's case, and appellant had an interest in offering the document to the trial court during her sentencing hearing. Indeed, as noted by the trial court, "[i]t is abundantly clear that Judge Cody relied on that letter when sentencing [appellant.] There is absolutely no question that [appellant] meant for [Judge Cody] to see her in

---

[2] 18 Pa.C.S.A. § 4101(a)(3). While appellant in the instant case has been convicted of forgery at Section 4101(a)(2), both offenses require the actor to act, "with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone[.]" 18 Pa.C.S.A. § 4101(a).

a positive light to potentially influence her sentence." (Trial court opinion, 2/5/20 at 9; *see also* notes of testimony, 9/6/19 at 20-21.)

For these reasons, we find that the Commonwealth has established the elements of forgery beyond a reasonable doubt and appellant's sufficiency of the evidence claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2020