J-S11013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AARON LEWIS COLLINS | |
| Appellant | No. 1053 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 4, 2019
In the Court of Common Pleas of Fayette County
Criminal Division at No: CP-26-CR-0001489-2018

BEFORE:  STABILE, J. KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED:  June 10, 2021**

Appellant, Aaron Lewis Collins, appeals from his judgment of sentence of 21-42 months' imprisonment for failing to comply with the registration requirements of the Sex Offender Registration and Notification Act ("SORNA"), 18 Pa.C.S.A. § 4915.1.  For the reasons provided below, we affirm.

The trial record reveals that Appellant is a sex offender who is required to register for life under SORNA.  N.T., 6/4/19, at 6.  At least once every year, Appellant must register as a sex offender at the State Police barracks.  *Id.* If he changes his address, he must appear at the barracks and provide notification of the address change.  *Id.*  The trial court summarized the evidence adduced during trial as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pennsylvania State Trooper Nicole Sigwalt serves as the Megan's Law liaison at the Uniontown State Police barracks and identified [] Appellant [] as a lifetime registrant pursuant to Megan's Law. According to Trooper Sigwalt, Appellant checked in with the Pennsylvania State Police Megan's Law unit on April 20, 2018, registering a primary address of 51 Dunlap Street. On April 26, 2018, Appellant again registered 51 Dunlap Street as a primary address but changed his mailing address to 810 Springfield Pike. Thereafter, on June 15, 2018, Appellant changed his primary and mailing address to 810 Springfield Pike. [*Id.* at 5-6, 8, 9]

Gloria Collins, Appellant's mother, testified for the Commonwealth that she has resided at 51 Dunlap Street in Uniontown for sixteen (16) years and Appellant neither lived with her in June 2018 nor has he ever lived with her at that address. [*Id.* at 17]

Uniontown Police Office Jamie Holland received a request from the Pennsylvania State Police to perform a Megan's Law address verification for Appellant on June 14, 2018, at his registered address of 51 Dunlap Street. Officer Holland responded to the residence and upon inquiry of Gloria Collins, learned that Appellant did not reside there. [*Id.* at 19-20]

Appellant testified in his defense that he lived with his mother on June 14, 2018 at 51 Dunlap Street and that his mother "has had problems remembering things for awhile." Appellant further testified that he has "complied to the fullest" with his registration requirements. [*Id.* at 26-27, 28, 31]

In rebuttal, Trooper Tonya Wroeble testified that on June 15, 2018, she met with Appellant when he came into the police barracks for a Megan's Law update of his address and employment. At that time, Trooper Wroeble updated Appellant's address to 810 Springfield Pike, Connellsville, and inquired of him when he began residing there. Appellant stated that he moved into 810 Springfield Pike on February 10, 2018. [*Id.* at 48-51]

Trial Court Opinion, 12/1/20, at 2-3 (record citations omitted).

Following trial, the jury found Appellant guilty of violating Section 4915.1. On June 4, 2019, the court imposed sentence. Appellant filed a timely appeal, but this Court dismissed the appeal due to Appellant's failure

to file a docketing statement. The trial court granted Appellant's PCRA petition to reinstate his appellate rights, and he again appealed to this Court at the above-captioned number. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises five issues in this appeal:

1. Whether the Commonwealth violated Appellant's constitutional rights when they failed to provide Appellant notice of their intent to call Tonya Wroeble as a witness at trial by failing to include her name as a potential witness in the Commonwealth's answer to Appellant's discovery request?

2. Whether [the] trial court erred by allowing the Commonwealth to use Appellant's conviction for a summary charge of retail theft in 2018 as *crimen falsi* evidence?

3. Was there sufficient evidence to sustain Appellant's conviction in the above captioned case on the charge of verify address or photograph as required?

4. Whether the court erred by allowing the Commonwealth to refer to Appellant's lifetime registration status?

5. Whether Appellant's constitutional rights were violated when he was not provided with a preliminary hearing in the above captioned case?

Appellant's Brief at 3.

Appellant first objects that the Commonwealth violated his constitutional rights by failing to notify him of its intent to call Trooper Wroeble as a witness during trial. Our review of the trial transcript demonstrates that Appellant failed to raise any objection to the trooper's testimony during trial. Thus, Appellant has waived this argument. *Commonwealth v. Radecki*, 180 A.3d

441, 455 (Pa. Super. 2018) (appellant's failure to raise contemporaneous objection to evidence at trial waives that claim on appeal).

Even if Appellant had preserved this issue, it is devoid of merit. Trooper Wroeble testified as a rebuttal witness for the Commonwealth. The Rules of Criminal Procedure define the Commonwealth's mandatory obligation to disclose certain evidence to a defendant, including exculpatory evidence, inculpatory statements, and tangible evidence. Pa.R.Crim.P. 573(B)(1). The Rules contain no "provision which requires the Commonwealth to disclose rebuttal witnesses[.]" *Commonwealth v. Clary*, 226 A.3d 571, 576 (Pa. Super. 2020). This Court has written that it is impossible for the Commonwealth "to provide the defense with a complete list of every possible witness who might be called in rebuttal, since plans for such rebuttal obviously cannot be finalized until the defense is presented." *Id.* Nor are we aware of any constitutional requirement for the Commonwealth to identify rebuttal witnesses. Thus, Appellant's objection to Trooper Wroeble's testimony does not entitle him to relief.

In his second argument, Appellant contends that the trial court erred by permitting the Commonwealth to use Appellant's conviction for a summary charge of retail theft in 2018 as *crimen falsi* evidence. We see no place in the record where Appellant objected to the admission of this conviction. To the contrary, as the trial court points out, Appellant himself introduced his conviction into evidence during his testimony. N.T., 6/4/19, at 37.

Accordingly, Appellant waived any objection to this evidence. *Radecki*, 180 A.3d at 455.

In any event, it is clear that the retail theft conviction was admissible as *crimen falsi* under Pa.R.E. 609, which provides, "For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement." Appellant testified in his own defense during trial. His conviction for retail theft was admissible under Rule 609 because it is a crime of dishonesty. ***Commonwealth v. Cole***, 227 A.3d 336, 340 (Pa. Super. 2020).

Next, Appellant argues that the evidence was insufficient to sustain his conviction under Section 4915.1. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." ***Commonwealth v. Colon-Plaza***, 136 A.3d 521, 525–26 (Pa. Super. 2016). It is within the province of the factfinder to determine the weight to accord to each witness's testimony and to believe all, part, or none of the evidence. ***Commonwealth v. Tejada***, 107 A.3d 788, 792–93 (Pa. Super. 2015). The

Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. ***Commonwealth v. Crosley***, 180 A.3d 761, 767 (Pa. Super. 2018). As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. ***Commonwealth v. Rogal***, 120 A.3d 994, 1001 (Pa. Super. 2015).

Section 4915.1(a) provides that an individual who is subject to registration under SORNA commits an offense if he knowingly fails to verify his address or provide accurate information with the State Police under Section 9799.15 of SORNA, 42 Pa.C.S.A. § 9799.15. Section 9799.15(g) requires an individual subject to registration to appear in person at an approved registration site within three business days to provide current information relating to a change in residence. 42 Pa.C.S.A. § 9799.15(g)(2).

The evidence demonstrates that twice in April 2018, Appellant registered 51 Dunlap Street (his mother's residence) as his primary address with the State Police. Appellant's mother testified, however, that he **never** lived at 51 Dunlap Street. Further, on June 15, 2018, Appellant told Trooper Wroeble that he lived at 810 Springfield Pike in Connellsville since February 10, 2018. This evidence demonstrates that Appellant violated Section 4915.1 by failing to provide accurate information about his address to the State Police for several months in 2018. Accordingly, his challenge to the sufficiency of the evidence fails.

Appellant next argues that the trial court erred by permitting the Commonwealth to refer to his lifetime registration status. Our review of the trial transcript demonstrates that Appellant failed to object when the Commonwealth introduced evidence of his lifetime registration status. N.T., 6/4/19, at 6. Thus, Appellant has waived this argument. **Radecki**, 180 A.3d at 455. In any event, as the trial court correctly observes, it was necessary to introduce this evidence to demonstrate how often Appellant was required to register under SORNA. Trial Court Opinion, 12/1/20, at 6.

Finally, Appellant argues that his constitutional rights were violated because he did not receive a preliminary hearing before trial. The trial court relayed in its opinion that Appellant waived his right to a preliminary hearing. **Id.** Appellant contends that he had no counsel on the scheduled date of the preliminary hearing, so any waiver of his preliminary hearing waiver was invalid because it was done without counsel. We can find no objection to the lack of a preliminary hearing in the record, so Appellant has waived this argument. **Commonwealth v. Ryan**, 909 A.2d 839, 844-45 (Pa. Super. 2006) (defendant waived claim that court refused to hold preliminary hearing after Commonwealth changed grading of his charges from third- to second-degree felonies, because he failed to raise this claim in trial court).

Even if Appellant preserved this issue, he fails to demonstrate how he was prejudiced by the lack of a preliminary hearing. We have held that a bald assertion that the preliminary hearing could have provided additional

impeachment evidence is not enough to demonstrate prejudice. ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1085 (Pa. Super. 2019). Appellant's brief is more deficient than ***Sandusky***, for his brief completely fails to address the subject of prejudice.

For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/10/2021