J-A27003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANH TRAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARQUES SINGLETON | : | |
| | : | |
| Appellant | : | No. 611 EDA 2021 |

Appeal from the Order Entered January 29, 2021
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s):  No. 2007V7029

BEFORE:  PANELLA, P.J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED MARCH 28, 2022**

Marques Singleton and Ahn Tran were in an intermittent relationship for nearly six years. Tran ended the relationship in early June 2020. However, Singleton exhibited difficulty in accepting the conclusion and continued attempting to contact Tran through voicemails, text messages and disturbing appearances at her home. Ultimately, Tran sought and received a protection from abuse (PFA) order against Singleton, which is the subject of this appeal. We affirm.

Pursuant to a petition filed by Tran, a temporary PFA order was entered on July 8, 2020, and a final PFA order was entered by default on November 5, 2020. On November 25, 2020, Singleton filed a motion to open the default judgment. On December 4, 2020, the trial court entered an order vacating the

final three-year PFA order and reinstating the temporary PFA order. In addition, the court scheduled a hearing to be held January 29, 2021.

At the conclusion of the hearing, the trial court entered a one-year final PFA order against Singleton. Thereafter, Singleton filed a motion for reconsideration, which the trial court denied. This timely appeal followed.[1]

Singleton raises two issues for our consideration. His first claim challenges the sufficiency of the evidence to support the PFA order and the second questions the admission of certain evidence.

Singleton first argues that Tran failed to establish by a preponderance of the evidence that abuse occurred. Specifically, Singleton contends that Tran failed to testify that she was in fear of bodily injury.

"The purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." ***K.B. v. Tinsley***, 208 A.3d 123, 127 (Pa. Super. 2019) (citation omitted). Regarding a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion. ***See Boykai v. Young***, 83 A.3d 1043, 1045 (Pa. Super. 2014) (citation omitted).

---

[1] We conclude that this appeal is not moot despite the expiration of the underlying order. ***See Custer v. Cochran***, 933 A.2d 1050, 1053, n.3 (Pa. Super. 2007) (*en banc*).

When deciding a sufficiency challenge under the PFA Act, we consider the evidence in the light most favorable to the petitioner and, granting them the benefit of all reasonable inferences, and determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. **See Custer v. Cochran**, 933 A.2d 1050, 1058 (Pa. Super. 2007) (*en banc*). In conducing our review, this Court defers to the credibility determinations of the trial court. **See id**.

"[T]he [PFA] Act does not seek to determine criminal culpability. A petitioner is not required to establish abuse occurred beyond a reasonable doubt, but only to establish it by a preponderance of the evidence." **Snyder v. Snyder**, 629 A.2d 977, 982 (Pa. Super. 1993). "[T]he preponderance of evidence standard is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly is the criteria or requirement for preponderance of the evidence." **Raker v. Raker**, 847 A.2d 720, 724 (Pa. Super. 2004) (citation omitted).

Section 6102(a) of the PFA Act defines abuse, in pertinent part, as: "knowingly engaging in a course of conduct or repeatedly committing acts towards another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury." 23 Pa.C.S.A. § 6102(a)(5).

Actual physical harm is not a requirement for entry of a PFA order. *See Fonner v. Fonner*, 731 A.2d 160, 163 (Pa. Super. 1999). Further, in assessing whether a petitioner suffered a reasonable fear, the trial court's focus is on the petitioner's state of mind; the intent of the alleged abuser is not relevant. *See Buchhalter v. Buchhalter*, 959 A.2d 1260, 1263 (Pa. Super. 2008). A petitioner need not specifically testify they were in fear, if the totality of the circumstances establishes the petitioner was concerned for their safety. *See T.K. v. A.Z*., 157 A.3d 974, 978 (Pa. Super. 2017).

Here, the court noted that Singleton was "constantly sending unwanted and scary messages by text, email and voicemail." Trial Court Opinion, 4/22/21, at 7. Further, Singleton "repeatedly showed up at [Tran's] home while she was home alone, and [she] believed that [he] was following her." *Id*. As the trial court observed, "[d]uring the six months that [Singleton] was committing the [course of conduct], [Tran] lived in constant fear and changed her work schedule and every aspect of her life to protect herself from [his] stalking behaviors." *Id*. at 7-8.

Our review of the record supports the trial court's conclusions. Tran testified that Singleton repeatedly appeared at her home uninvited. He banged on her door and yelled at her at night. N.T., 1/29/21, at 26-28. She specifically stated, "He's been banging on my door over and over terrorizing me." *Id*. at 27. Tran presented a video recording she made of on incident July 15, 2020, in which Singleton was outside of her front door yelling at her through the

mail slot, which he was holding open. *See* DVD Exhibit. During the recording, Tran can be heard repeatedly imploring Singleton to leave the premises and to stop contacting her. *See id*. Tran explained that after the temporary PFA had been served, she continued to receive unwanted attempts at contact from Singleton. *See id*. at 32.

In addition, Tran presented the testimony of her friend Jacqueline Nguyen. N.T., 1/29/21, at 54-66. Nguyen testified about a particular instance in mid-June of 2020, in which she was on a Facetime call with Tran, and Singleton arrived at Tran's home. *Id*. at 54-56. During the late-night Facetime call, Singleton suddenly appeared at the home and was banging on the front door and yelling at Tran. *Id*. at 55. During the incident, Tran ran to the basement stairwell in fear. *Id*. The testimony about these events establishes that Singleton committed a course of conduct that placed Tran in reasonable fear of bodily injury, which constituted "abuse" under Sections 6102(a)(5). As such, Singleton's challenge to the sufficiency of the evidence is without merit.

Next, Singleton argues the trial court erred in admitting evidence. He alleges the trial court improperly overruled defense counsel's objection to Tran's testimony regarding the contents of a voicemail message Singleton left on Tran's phone that was not played in court. Singleton posits the admission of this testimony violated the best evidence rule.

Initially, we observe that our Supreme Court has instructed it to be fundamental that parties make timely and specific objections to alleged violations of evidentiary or trial procedure. Pennsylvania Rule of Evidence 103 addresses rulings on evidence and provides in pertinent part as follows:

**(a) Preserving a Claim of Error.** A party may claim error in a ruling to admit or exclude evidence only:

*(1)* if the ruling admits evidence, a party, on the record:
(A) makes a timely objection, motion to strike, or motion *in limine*; and
(B) states the specific ground, unless it was apparent from the context; …

Pa.R.E. 103(a)(1).

Our courts have long held that in order to preserve a challenge to a ruling on evidence, a party must make a timely and specific objection to the admission or exclusion of the evidence. The requirement for a specific objection was set forth as follows in the seminal case of ***Dilliplaine v. Lehigh Valley Trust Co.***, 322 A.2d 114, 116-117 (Pa. 1974):

Requiring a timely specific objection to be taken in the trial court will ensure that the trial judge has a chance to correct alleged trial errors. This opportunity to correct alleged errors at trial advances the orderly and efficient use of our judicial resources. First, appellate courts will not be required to expend time and energy reviewing points on which no trial ruling has been made. Second, the trial court may promptly correct the asserted error. With the issue properly presented, the trial court is more likely to reach a satisfactory result, thus obviating the need for appellate review on this issue. Or if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review. Third, appellate courts will be free to more expeditiously dispose of the issues properly preserved for appeal. Finally, the exception

requirement will remove the advantage formerly enjoyed by the unprepared trial lawyer who looked to the appellate court to compensate for his trial omissions.

*Id*. (footnotes omitted).

"In order to preserve an issue for review, a party must make a timely and specific objection at trial. A failure to object to an offer of evidence at the time the offer is made, assigning the grounds [for objection], is a waiver upon appeal of any ground of complaint against its admission." ***Commonwealth v. Griffin***, 684 A.2d 589, 595 (Pa. Super. 1996) (citations and quotation marks omitted). "A theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief." ***Commonwealth v. Ryan***, 909 A.2d 839, 845 (Pa. Super. 2006) (citation omitted). Therefore, it is well settled that failure to make a timely and specific objection to an evidentiary violation results in a waiver of that ground on appeal.

Our review of the record reflects Singleton's claim alleging improper admission of Tran's testimony because it violated the best evidence rule was not specifically raised before the trial court. At the hearing on January 29, 2021, the trial court thoroughly examined Tran regarding her interactions and communications with Singleton that put her in fear. At one point, Tran explained that Singleton left her a voice message stating, "I'm willing to go to jail for you[,]" on the "What'sApp" application. N.T., 1/29/21, at 24. Defense counsel objected and the trial court inquired about the nature of the objection.

*See id*. at 24-25. Defense counsel did not specifically argue the theory that admission of the testimony was a violation of the best evidence rule. Rather, counsel stated, "We don't have that voicemail message." *Id*. at 25. Consequently, Singleton failed to make a specific objection to Tran's testimony at a time when the error could have been corrected. Accordingly, this issue challenging the admission of the testimony because it allegedly was not the best evidence is waived.

Moreover, even if the issue on appeal had been preserved by a timely and specific objection to Tran's testimony, we would conclude that it lacks merit. "The admission of evidence is within the sound discretion of the trial court, and will be reversed on appeal only upon a showing that the trial court clearly abused its discretion." **Commonwealth v. Miles**, 846 A.2d 132, 136 (Pa. Super. 2004) (*en banc*) (citation omitted). The basic requisite for the admissibility of any evidence in a case is that it be competent and relevant. *See Commonwealth v. Freidl*, 834 A.2d 638, 641 (Pa. Super. 2003).

The best evidence rule provides, "An original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise." Pa.R.E. 1002. If the original has been lost or destroyed, other evidence is admissible to prove the content of the writing, recording, or photograph, so long as the loss or destruction of the original was not procured by the

proponent having acted in bad faith. *See* Pa.R.E. 1004; ***Commonwealth v. Dent***, 837 A.2d 571, 589 (Pa. Super. 2003).

Again, at the hearing on January 29, 2021, Tran offered testimony regarding Singleton's course of conduct, which included forcing unwanted communication with her. As a precursor to our review, we acknowledge Tran testified that, in addition to voicemail and texts, Singleton used the "What'sApp" platform to contact Tran. *See* N.T., 1/29/21, at 22. Tran presented into evidence a screenshot of a particular message she received from Singleton on the messaging platform. *See id*. at 23. When the trial court noted the screenshot indicated there appeared to be additional messages from Singleton, including audio files, Tran agreed. *See id*. at 23-24. Tran went on to explain, "Now I just went ahead and deleted the app after that. So there are several messages before and after. And then that's what I had at the time to be able to present." *Id*. at 24.

Subsequently, when Tran offered testimony about the voice message presently challenged on appeal, Singleton lodged his nonspecific objection. *See id*. at 24-25. In response, the court asked Tran, "Is that one of the messages that was deleted when you deleted 'What'sApp'?" *Id*. at 25. Tran answered, "Yes." *Id*. The trial court determined that Tran was not required to produce the original voice message from the deleted messaging platform and overruled Singleton's objection. *See id*. We find no error in the trial court's determination. There is no indication that the loss of the voice message was

the result of action taken in bad faith by Tran. Rather, it is obvious Tran deleted the messaging platform to cease receiving unwanted communication from Singleton. Accordingly, if the issue had been properly preserved, we would find it lacks merit.

We conclude the record supports the lower court's finding of abuse and entry of a final PFA order for a period of one year. We discern no abuse of discretion and do not disturb the trial court's determination.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2022