J-A23045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                            :              PENNSYLVANIA
                                             :

                          v.                             :

EARL HALL                                  :

                         Appellant  :    No. 48 WDA 2025

Appeal from the Judgment of Sentence Entered May 21, 2024
In the Court of Common Pleas of Somerset County Criminal Division at
No(s):  CP-56-CR-0000336-2023

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: DECEMBER 4, 2025**

       Appellant, Earl Hall, appeals from the judgment of sentence of 27 to 72 months' incarceration, imposed after he pled guilty to aggravated assault, 18 Pa.C.S. § 2702(a)(3).  On appeal, Appellant challenges the trial court's denial of his pre- and post-sentence motions to withdraw his guilty plea.  After careful review, we affirm.

       The facts underlying Appellant's conviction are not germane to our disposition of his instant appeal.  We only note that, at his guilty plea hearing on October 10, 2023, the Commonwealth stated that Appellant had agreed to plead guilty to aggravated assault in exchange for the Commonwealth's withdrawing all other charges pending against him.  ***See*** N.T. Plea, 10/10/23, at 4.  The Commonwealth also stated that it "would agree to a low end of the standard range sentence.  This is an offense gravity score of six and an ***anticipated prior record score of a five***…."  ***Id.*** at 5 (emphasis added).

After completing a colloquy of Appellant, the trial court found that his plea was knowing and voluntary. *Id.* at 6-8. Accordingly, the court accepted Appellant's guilty plea, ordered a pre-sentence investigation (PSI) report to be prepared, and scheduled his sentencing hearing. *Id.* at 9-10.

However, prior to Appellant's sentencing, he filed a motion to withdraw his plea, averring that when he entered his plea, both the Commonwealth and defense believed his prior record score was a "[five,]" which would have made the "low-end standard range sentence … 21 months." Motion to Withdraw Guilty Plea, 2/21/24, at 1 (unnumbered). However, Appellant explained that "[t]he Probation Department has calculated his [prior record score] to be [Repeat Felony 1 and Felony 2 Offender (RFEL),[1]] which significantly increases his standard range, which now begins at 27 months." *Id.* Thus, Appellant argued that he "was improperly advised of the sentence implications at the time of the guilty plea and, therefore, his guilty plea was not knowingly made" and he should be permitted to withdraw it. *Id.*

On March 21, 2024, the court conducted a hearing on Appellant's motion to withdraw his plea, at the close of which the court denied it. His case proceeded to sentencing on May 21, 2024, and Appellant was sentenced to the term of incarceration set forth *supra*. He then filed a timely post-sentence motion to withdraw his plea, again arguing that his plea "was not knowingly, intelligently, and voluntarily made, as he was incorrectly advised of his

_____

[1] *See* 204 Pa. Code § 303.4(a).

- 2 -

standard sentencing guideline ranges at the time of his guilty plea."  Post-Sentence Motion, 5/22/24, at 1 (unnumbered).  After the court conducted a hearing on that motion on June 17, 2024, it denied Appellant's post-sentence motion.  Appellant filed a timely notice of appeal, and he and the court complied with Pa.R.A.P. 1925.

Herein, Appellant states two issues for our review:

I.     Whether the court erred in denying … Appellant's motion to withdraw [his] guilty plea prior to sentencing; in general, and in particular, on the basis that the guilty plea was not knowing[ly], intelligently[,] and voluntarily made, because []Appellant was incorrectly advised of his prior record score at the time of his guilty plea.

II.    Whether the trial court erred as a matter o[f] law and abused its discretion in denying []Appellant's post-sentence motion to withdraw [his] guilty plea; in general, and in particular, on the basis that the guilty plea was not knowing[ly], intelligently[,] and voluntarily made, because []Appellant was incorrectly advised of his prior record score at the time of his guilty plea.

Appellant's Brief at 6 (unnumbered).

In Appellant's first issue, he challenges the trial court's denial of his pre-sentence motion to withdraw his guilty plea.  This Court has stated:

We recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct[,] *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty."  Pa.R.Crim.P[.] 591(A).  The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:

Trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused;

- 3 -

and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

***Commonwealth v. Carrasquillo***, … 115 A.3d 1284, 1285, 1291–92 ([Pa.] 2015) (holding there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such request). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion. ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa. Super. 2013).

***Commonwealth v. Davis***, 191 A.3d 883, 888–89 (Pa. Super. 2018).

Here, Appellant claims that his trial counsel incorrectly advised him that his prior record score was five, which would result in a minimum, standard-range sentence of 21 months' incarceration. **See** Appellant's Brief at 13 (unnumbered). The Commonwealth agreed not to object to the imposition of a sentence at the low-end of the standard range in exchange for Appellant's guilty plea. Accordingly, Appellant insists

that he was relying on representations made to him by his attorney, and as a result of this, he thought he would receive a 21-month sentence, however, the representation made to him by his attorney as to what his sentence would be was incorrect as a result of his attorney['s] incorrectly calculating his prior record score.

***Id.*** at 13-14 (unnumbered; unnecessary capitalization omitted). Appellant contends that his actual prior record score was higher, leading to a lengthier standard range sentence. "Because … Appellant was sentenced to an amount of time that was more than he was led to believe he would receive, Appellant argues that this was not a knowing and voluntary plea, and as such, the trial

- 4 -

court should have allowed him to withdraw his plea." *Id.* at 14 (unnumbered; unnecessary capitalization omitted).

Appellant's argument is unconvincing. At the hearing on Appellant's pre-sentence motion to withdraw his plea, his defense counsel explained the basis for his request to withdraw his plea, as follows:

> [Defense Counsel:] Thank you, Your Honor. As I outlined in my motion, I indicated that … [t]his was a case whose plea was originally taken by Judge Geary; and during the course of those proceedings, both the District Attorney, Attorney Leiden[,] and myself, had spoken with Judge Geary regarding some potential sentence options that were available to [Appellant] if he entered this guilty plea. That was premised on both of our beliefs that his prior record score was a five. So[,] we had some discussions that were placed on the record at the time of the guilty plea indicating that … there would not be an objection, I believe, to a low-end sentence, and we had anticipated that his prior record score was a five.
>
> When we came in for sentencing, his prior record score was assessed to be RFEL based upon, at least in part, a consecutive sentence that had been issued out of Philadelphia, which is the sentence that he is currently serving. So[,] I was incorrect about what I believed his prior record score to be and that impacted his Sentencing Guideline ranges and the potential sentence that he could receive.
>
> And, certainly, we know there is no guaranteed sentence in this county, but it was absolutely something that was discussed and noted on the record at the time of the guilty plea.

N.T. Hearing, 3/21/24, at 2-3. Defense counsel then noted that the applicable legal standard for a pre-sentence withdrawal of a guilty plea is "any fair and just reason[,]" *id.* at 3, and argued that "absent any showing of prejudice by the Commonwealth," the court should grant Appellant's request to withdraw his plea. *Id.* at 4.

In response, the Commonwealth stated:

[The Commonwealth:] Your Honor, I don't disagree with anything that was said; although I would add in addition to that, what was put on the record at the plea agreement [was] that the Commonwealth would not object to a sentence at the low end of the standard range, [with the] standard range necessarily being determined by his prior record score; and I'm sure that there's no evidence on -- that he was told definitely what his prior score [was].

*Id.* at 5.

When Appellant interjected and insisted that he was told at the guilty plea that he "was pleading to the low end, and the low end being 21 months[,]" his defense counsel explained:

[Defense Counsel:] Just to clarify what [Appellant] said: With regard to what was put on the record, we did indicate on the record at the time of the guilty plea that we anticipated the offense gravity score of six and **an anticipated prior record score of five**, and that is a standard range that begins at 21 months, which is what [Appellant] is referring to.

So I'm not sure the 21 -- the low end of the standard range, 21 months, is actually in the transcript, but it does indicate [the] offense gravity score of six; prior record score of five; [and] that the standard range begins at 21 months, the low end.

*Id.* at 6 (emphasis added).

The Commonwealth then replied:

[The Commonwealth:] And, Your Honor, I think that goes to my point, exactly that the language used was "anticipated[."] It was certainly inferred that it was not filed; it was not promised; that it was anticipated[,] knowing that there was something yet to be determined, which would be the PSI determination of the prior record score.

So[,] knowing that there was something yet to be determined, but the promise of a low end of the standard range, he made … the decision to plead guilty.

I say that decision was made knowingly because he knew the PSI would determine the standard range and that we would not object to the low end. Therefore, I don't think that the plea was unknowing, and I would ask to move forward on the plea.

To the other point, if you do decide the plea is unknowing, the Commonwealth cannot show prejudice.

*Id.* at 7.

Ultimately, the trial court denied Appellant's motion. In explaining its decision, the court first recognized the applicable "fair and just reason" standard set forth in ***Carasquillo***, and that pre-sentence withdrawal should be liberally allowed. *Id.* at 9. The court then acknowledged that, at the plea hearing, it was stated, "This is an offense gravity score of six and an ***anticipated*** prior record score of five." *Id.* at 10 (emphasis added). Thus, the court found that, "although [c]ounsel believed what they thought it would be, there is some degree of uncertainty there and speculation as to what the prior record score would ultimately be when the [PSI] was prepared, of course after probation did a thorough examination of [Appellant's] prior record." *Id.* The court also pointed out that, at the plea hearing, "Judge Geary did colloquy [Appellant] not only about the written plea questionnaire, but [he] also supplemented that with an oral colloquy[,]" and at the end of the proceeding, "Judge Geary concluded that it was a knowing and voluntary plea." *Id.* The trial court further observed that the written plea colloquy confirmed that Appellant discussed with his attorney the potential sentences the court could impose, and that he understood the applicable maximum term of incarceration he faced. *Id.* at 10-11.

The trial court then discussed this Court's decision in **Commonwealth v. Abdeldayem**, No. 2379 EDA 2018, unpublished memorandum (Pa. Super. filed Oct. 2, 2019),[2] which it found to be "very factually similar" to the instant case. N.T. Hearing at 13. In **Abdeldayem**, the appellant argued that the trial court erred by denying his pre-sentence motion to withdraw his guilty plea where it was unknowing, involuntary, and unintelligent because "he was unaware of the possible range of sentences available to the court due to a later miscalculation of his prior record score." **Abdeldayem**, No. 2379 EDA 2018, unpublished memorandum at 9 (cleaned up). In addressing this claim, we first noted:

> A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence. Additionally, a written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination.

> A plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea. Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise. The entry of a negotiated plea is a strong indicator of the voluntariness of the plea. Moreover, the law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made.

---

[2] Pursuant to Pa.R.A.P. 126(b), non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value.

*Id.* at 10 (quoting *Commonwealth v. Reid*, 117 A.3d 777, 782–83 (Pa. Super. 2015) (internal citations, quotations and original brackets omitted)).

The *Abdeldayem* panel then concluded that the appellant's plea was valid, despite the mistake in the calculation of his prior record score, because the written and oral colloquy both "examined the six required areas of inquiry, identified above." *Id.* The panel also highlighted "key aspects" of the colloquy that "contradict[ed] his assertion that he did not have a full understanding of the nature and consequences of his plea and, instead, show that he knowingly and voluntarily decided to plead guilty[,]" including the following:

> Initially, [the a]ppellant reviewed and signed the written colloquy. The written colloquy specifically explained that, by entering the plea, [the a]ppellant relinquished certain rights, including the right to a trial by jury and his presumption of innocence. The court then reiterated the contents of the written colloquy in a group hearing. In addition, the court explained it was taking "open pleas" and that only after doing so would it look at the individual plea, as well as the background reports, to "impose a sentence" it believed proper. Thereafter, the court conducted an individual oral colloquy with [the a]ppellant, during which the Commonwealth made a recitation of the nature of the charges and underlying facts of [the a]ppellant's case. Finally, the court accepted [the a]ppellant's plea and found it to be "voluntarily made."

*Id.* at 10-11 (citations to the record omitted). Finally, the *Abdeldayem* panel stressed that "the record clearly indicates that [the a]ppellant was aware of the maximum sentence for [the crime to which he was pleading guilty]. Unlike the appellant's assertion, this is all that is required." *Id.* at 11 (citing *Commonwealth v. Fowler*, 893 A.2d 758, 765 (Pa. Super. 2006) (explaining that "there is no legal requirement that a defendant be aware of the guideline

ranges in order to enter a valid guilty plea. A defendant must be informed of the statutory maximum.")). Given this record, the panel concluded that the trial court did not abuse its discretion in denying the appellant's pre-sentence motion to withdraw his guilty plea. *Id.*

Relying on *Abdeldayem*, the trial court in the instant case reached the same conclusion. The court noted that, as in *Abdeldayem*,

> there was clearly a written guilty plea colloquy that cover[ed] all of the six important things that the Superior Court said must be discussed with the defendant. That written colloquy was supplemented by Judge Geary's oral colloquy and, again, Judge Geary determined at that time on the record that it was a knowing and voluntary plea. Again, the *Abdeldayem* Court[,] citing *Fowler*[,] state[d] that "it is not a basis to allow withdraw of a guilty plea because a defendant wasn't aware of the guideline ranges in order to enter a valid guilty plea. All that is required is that he know what the statutory maximums are."
>
> ***
>
> I find [Appellant's] guilty plea to be knowing and voluntary, and I'm denying his motion to withdraw the plea. Again, the law doesn't require that he know specifically what his standard range sentence is. All that is required is that he know what the maximum potential penalties are. Sentencing discretion is always within the [c]ourt's discretion.

N.T. Hearing at 13-15.

We discern no abuse of discretion in the court's decision. Although we recognize that *Abdeldayem* is not exactly on point with the instant case, as here, the calculation of Appellant's prior record score was more directly connected to the sentence he believed he would receive because the Commonwealth stated it would not object to a sentence in the low-end of the

- 10 -

standard guideline range, we nevertheless find the **Abdeldayem** analysis instructive. As in that case, Appellant's plea colloquies demonstrate that his guilty plea was knowing, intelligent, and voluntary. Specifically, Appellant completed a written guilty plea colloquy setting forth that he was pleading guilty to aggravated assault, which was graded as a second-degree felony. Written Plea Colloquy, 10/10/23, at 1 (unnumbered). The colloquy notified Appellant that the offense carried a maximum sentence of 10 years' incarceration. **Id.** The colloquy also informed Appellant of his constitutional right to a jury trial, his various rights regarding the selection of the jury, and that "the jury finally selected would have to be satisfied that the Commonwealth had proven [his] guilt beyond a reasonable doubt and that all twelve [jurors] would have to agree before [he] could be found guilty[.]" **Id.** at 2-3 (unnumbered). Appellant was also notified that whether he was tried by a jury, or proceeded to a nonjury trial before a judge, he would "enter the courthouse presumed to be innocent and that presumption [would] remain[] with [him] until such time, if ever, that a jury, or judge in a nonjury trial, would find [him] guilty[.]" **Id.** at 4 (unnumbered). Appellant confirmed that he understood these rights and that he was giving them up by pleading guilty. **Id.**

Appellant also acknowledged that he discussed with his attorney the sentence that could be imposed upon him, and that he understood the maximum sentence that he faced. **Id.** at 6 (unnumbered). Appellant stated that no promises had been made to him in exchange for his plea, and he

- 11 -

understood "that the [c]ourt [was] not bound by any plea bargain or agreement entered into by [Appellant] and the District Attorney[,] and that the decision as to what [his] sentence [would] be [was] solely that of the sentencing judge[.]" *Id.* at 7 (unnumbered).

During the oral plea colloquy, the Commonwealth stated the charge to which Appellant was pleading guilty and described the factual basis underlying that offense. *See* N.T. Plea at 4. Appellant acknowledged that he did not have any questions about the facts, conceded they were accurate, and confirmed that he was pleading guilty because he was actually guilty. *Id.* at 8. Appellant also stated he was pleading guilty voluntarily and of his own free will. *Id.* Additionally, Appellant was asked about the written guilty plea colloquy and he verified that he read and discussed each question with his attorney before answering them and signing the bottom of each page. *Id.* at 6-7. He confirmed that his attorney answered "whatever questions he had" regarding the written colloquy as he completed it. *Id.* at 7. The court asked him if he had any questions about the written colloquy at that time, and Appellant responded, "No." *Id.* Appellant then confirmed that he was satisfied with the representation of his attorney, and he had "enough time to meet with her and consult with her about his case[.]" *Id.* at 7-8. At the conclusion of the oral colloquy, the court accepted that his plea was entered knowingly and voluntarily. *Id.* This record supports the trial court's conclusion that Appellant's written and oral plea colloquies covered all six required areas.

Moreover, we find it critical that the Commonwealth clearly stated at the plea proceeding that it was agreeing to a sentence at the low-end of the standard range based on an "***anticipated*** prior record score of five[.]" N.T. Plea at 5 (emphasis added). The trial court determined that this language was sufficient to indicate to Appellant that there was "uncertainty … and speculation as to what the prior record score would ultimately be when the [PSI] was prepared…." N.T. Hearing at 10. We discern no abuse of discretion in the court's decision, given the entirety of the record before us. Namely, Appellant confirmed that he understood the maximum sentence that he faced and that the court was not bound by any agreement regarding his sentence. Ultimately, the PSI determined that Appellant's prior record score was RFEL, which called for a low-end, standard-range term of 27 months' incarceration, to which the Commonwealth did not object, and which the court ultimately imposed. Therefore, Appellant received a sentence at the low end of the standard guideline range, which is what the Commonwealth explicitly stated it would agree to at his guilty plea hearing. At no point during the plea proceeding did the Commonwealth explicitly promise Appellant a minimum sentence of 21 months' incarceration, and it made clear that his prior record score of five was just the anticipated calculation, not the definitive score. Accordingly, we discern no abuse of discretion in the trial court's decision to deny Appellant's pre-sentence motion to withdraw his guilty plea.

For the same reasons, we decline to disturb the court's decision to deny Appellant's post-sentence motion to withdraw his plea. "[A] defendant who

attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id.* (quoting *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa. Super. 2002)).

Here, Appellant simply "incorporates the facts and arguments" from his previous challenge to the court's denial of his pre-sentence motion to withdraw his plea in averring that the court should have granted his post-sentence motion to withdraw his plea. Appellant's Brief at 15 (unnumbered). For the foregoing reasons, Appellant's assertion that his plea was not knowing, intelligent, and voluntary "as a result of Appellant['s] being incorrectly advised as to his prior record score" is meritless. *Id.* (unnecessary capitalization omitted). Therefore, he has not proven a manifest injustice warranting the post-sentence withdrawal of his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/4/2025

- 14 -